### FINDLEY *v.* JOHNSON.

1. Grounds for new trial not certified, not considered.
2. Grounds for new trial on admission of testimony, not showing that it was objected to when offered and what was the objection then made, not considered.
3. That one went into possession of land, and after his death it was administered on and sold under order of the court of ordinary, was such evidence of original title, under the facts of this case, as to render it unnecessary for the plaintiff, who claims under the purchaser at that sale, to show paper or other title in the deceased in order to recover in ejectment.
4. For the plea of *res adjudicata* to avail, the declaration, verdict and judgment in the former action should be introduced in evidence. Simply attaching copies of them to the plea is not sufficient.
   December 4, 1889.

New trial. Practice. Evidence. Ejectment. Title Pleadings. *Res adjudicata.* Before Judge WELLBORN. Hall superior court. January adjourned term, 1889.

Reported in the decision.

W. F. FINDLEY and J. M. TOWERY, for plaintiff in error.

S. C. DUNLAP, *contra.*

SIMMONS, Justice.

It appears from the record in this case that W. D. Johnson owned lot of land number 69 in the 10th District of Hall county, and died in possession thereof; that Roland Johnson was the administrator of W. D. Johnson, and as such sold said land under an order from the court of ordinary of said county ; that John E. Brown bought said land at said administrator's sale, and afterwards sold it to Roland Johnson, the administrator; that in August, 1852, Roland Johnson sold the land to George W. Johnson, who went into possession of it ; that after George W. Johnson purchased said land, Elizabeth Johnson, the widow of W. D. Johnson, applied for and had set apart to her a dower out of said land (said dower containing 84 acres), and that George W. Johnson surrendered said land to the widow, who took possession thereof. The widow afterwards married Reuben Owens, and the land was sold for his or her debts at sheriff's sale, and A. G. Braziel became the purchaser and went into possession of it. Braziel died, and the land in dispute, together with other land of which he died possessed, amounting to 150 acres, was set apart as a dower for his widow. Braziel's widow got into debt and was sued to judgment, and this land was sold by the sheriff in payment of said debt. George W. Johnson bought it and went into possession of it, and contracted to sell it to N. A. Johnson. Mrs Braziel died, and the heirs of A. G. Braziel, her husband, brought suit against N. A. Johnson for the land, and it was alleged by the defendant in this case that they recovered a judgment against him therefor. George W. Johnson had notice of this suit. W. F. Findley, the attorney who represented the heirs at law of A. G. Braziel in the suit against N. A. Johnson, foreclosed his attorney's lien on the land, and it was sold by the sheriff and purchased by W. F. Findley,

who went into possession. After the suit by the heirs of Braziel against N. A. Johnson was terminated, Elizabeth Johnson or Owens, the widow to whom a dower was first assigned in the land, died. After her death, George W. Johnson, who purchased a fee in the land from Roland Johnson in 1852, commenced his action of ejectment against Findley for the recovery of the land. Findley pleaded *res adjudicata*, setting up therein the suit of the heirs at law of Braziel against N. A. Johnson, and the recovery of the land in that suit and the judgment therein, and alleging that the present suit was substantially between the same parties, he holding under the heirs at law of Braziel ; and that N. A. Johnson against whom the heirs of Braziel had brought their suit and recovered, was a tenant of George W. Johnson, and that Johnson had notice of the same. Attached to the plea was an alleged but an uncertified copy of the declaration, process, verdict and judgment in said former suit. On the trial of the case the jury returned a verdict in favor of George W. Johnson, the plaintiff, and Findley moved for a new trial on the several grounds which are set out in the record.

1. The main ground insisted on here for the reversal of the judgment of the court in refusing to grant a new trial, was that the court erred in striking the plea of *res adjudicata*. This ground we cannot consider, because it is not certified by the court below. It would seem from the record in the case that the plea was not stricken, because the court charged the jury upon it, and it comes here as part of the record.

2. The 3d, 4th and 7th grounds of the motion complain of the admission of certain testimony over the objection of defendant. We cannot consider these grounds of the motion because they do not allege that the objection was made at the time of the trial, nor what the objection was, if made at that time.

3. The 5th ground complains of the following charge of the court: "If the plaintiff has shown that W. D. Johnson died in possession of the premises in dispute, that the same was administered upon and sold under the order from the court of ordinary as his property, that, I charge you, would be original title, and the plaintiff would not be required to show paper or other title in W. D. Johnson so as to enable the purchaser at said sale, or others claiming under him, to recover in this suit; the fact that he died in possession, and that the same had been administered upon and sold under an order from the court of ordinary, would be sufficient." There was no error in this charge; the principle announced therein seems to us to be sound, as applied to the facts of this case.

4. The 6th ground assigns error in the following charge: "The defendant files a plea of *res adjudicata,* and I charge you that before that would avail him, you must be satisfied that the plaintiff had a title at the time of the pendency of said suit which he could enforce; and if he held the title or deed upon which he now relies, but the widow of W. D. Johnson, deceased, was then in life and she had taken dower therein, his title did not avail him at that time, and he was not called upon to set it up or disclaim title to the life estate; his title, being in the nature of an after acquired title, would not be affected by said suit, and he would, if he has shown title under the rules heretofore given you, be entitled to recover." Whether this be a sound proposition or not, we do not decide now. All we now say about it is, that it did not injure the defendant, for the reason that while the defendant filed a plea of *res adjudicata,* he did not introduce evidence to sustain said plea. If he relied upon that plea, he should have introduced in evidence the declaration, verdict and judgment obtained in the former suit. We have

searched the record carefully, and we cannot find in the brief of evidence that any such testimony was introduced by him to sustain his plea. It is true that an alleged copy of the declaration, verdict and judgment is attached and made a part of his plea, but we cannot find that it was ever introduced as evidence before the jury. Simply attaching it to his plea was not sufficient. He must go further and introduce it as evidence. Not having done this, and not having shown any title in himself, the verdict of the jury was right, regardless of the charge complained of in this ground of the motion.

*Judgment affirmed.*