SAVANNAH, THUNDERBOLT AND ISLE OF HOPE RAILWAY *v.* MAYOR AND ALDERMEN OF SAVANNAH.

A judgment denying an interlocutory injunction, when the same depends entirely upon questions of law, is, upon its affirmance by the Supreme Court, conclusive against the plaintiff in error as to every such question made by his assignments of error, though there be no express reference to all of them, either in the opinion filed or in the synopsis of the points decided.

Submitted March 1, — Decided April 2, 1902.

Equitable petition.  Before Judge Falligant.  Chatham superior court.  August 10, 1901.

*D. C. Barrow,* for plaintiff.  *S. B. Adams,* for defendant.

FISH, J.  The Savannah, Thunderbolt and Isle of Hope Railway filed, in the superior court of Chatham county, an equitable petition against the Mayor and Aldermen of the City of Savannah, praying that the defendants be enjoined from collecting from the plaintiff a business or privilege tax levied by the municipal authorities upon street-railway companies doing business within the limits of the city, alleging that the city had no power or authority in law to levy such a tax.  In an amendment to the petition it was alleged: "All railroad companies stand upon the same footing, as regards taxation.  The said Mayor and Aldermen of Savan-

nah have discriminated against your petitioner and the City and Suburban Railway of Savannah, Ga., in that they have not imposed this tax upon any other railroad company doing business in Savannah, although there are other railroad companies who do business in the city, and use the streets of the city by consent of the Mayor and Aldermen." It appears from the record in this case when it was here before that, upon an interlocutory hearing, the affidavit of H. M. Lofton was put in evidence by the plaintiff. A part of this affidavit was as follows: "That the Central of Georgia Railroad is now and has been for years using some of the streets of Savannah, particularly River street, by laying down its tracks longitudinally thereon, and operating its trains upon it, by consent of the Mayor and Aldermen of the City of Savannah. This deponent is informed and believes that no attempt has been made to impose any tax upon said Central of Georgia Railway for the privilege of using said streets. They use nearly a mile of River street with their railway track laid longitudinally thereon." The court refused to grant an interlocutory injunction. The plaintiff sued out a writ of error to this court, assigning error upon such refusal; and the judgment of the lower court was affirmed. 112 *Ga.* 164. Afterwards the case came on for final trial before a jury, on the same pleadings. Lofton was introduced as a witness by the plaintiff, and his testimony was, in substance, the same as that contained in his affidavit submitted upon the interlocutory hearing. Johnson, a witness for the plaintiff, testified, in substance, that the Central Railroad used all of River street and parts of Bay, St. Julian and Randolph streets, in transporting produce from the terminus of such railroad to places where it had side-tracks, hauling produce from one side of the city to the other, like drays formerly did; that it was a local business altogether, and done within the corporate limits, a different engine being used on these local tracks from the engine used on the main line; freight thus hauled being that which came from other points outside of the City of Savannah to its main depot, but local prices being charged for transporting it from the regular depot to various places on River street. The fact that the Central of Georgia Railway used a part of River street as stated in Lofton's affidavit, which was used on the interlocutory hearing, was not controverted upon that hearing, nor was his testimony, or that of Johnson, upon the final trial, in reference to the use of the streets

of the city by that railroad company, contradicted. There was no issue of fact on that question made at either trial. Upon the final trial the court directed a verdict for the defendants. The plaintiff made a motion for a new trial, which being overruled, it excepted, and the case is now before this court for the second time.

One of the grounds of the motion for a new trial was, that the verdict was erroneous, because the tax in question was not uniform; and counsel for the plaintiff in error in his brief says: "The only question left open by the previous decision of this court was the contention of the plaintiff in error that the tax in question violated the rule requiring uniformity, prescribed by the constitution in § 5883 of the Code. It now appears that there is another railroad company doing a purely local business in the streets of Savannah, which is not taxed, when the plaintiff in error is taxed." He says further: "This question was not clearly made when the case was here before, and was not passed upon by the court." We can not concede the correctness of the contention of counsel in this respect; for we think the question as to the uniformity of the tax was made when the case was here before, and that the decision of this court then rendered in the case is res adjudicata as to that matter. The question was made by the pleadings and uncontradicted evidence before the judge at the interlocutory hearing, and he certainly passed upon it, as one of the legal points in the case, in refusing the interlocutory injunction. When the plaintiff assigned error upon that ruling, and brought the same here for review, the question was before this court for determination, and it being purely a question of law, no issue of fact being involved, the judgment of affirmance rendered by this court brings the case squarely within the ruling made in *City of Atlanta* v. *First Methodist Church,* 83 *Ga.* 448, to the effect that a judgment of a trial court, granting or refusing an injunction, when the same depends entirely upon a question of law, is, upon its affirmance by the Supreme Court, a final adjudication of such question; which decision, upon a review thereof, was adhered to in *Ingram* v. *Mercer University,* 102 *Ga.* 226, where a number of the adjudications of this court are cited in support of the proposition. The rule was again recognized in *Murphey* v. *Harker,* ante, 77. If a plaintiff in error makes a question by his assignment of error, he is concluded by an affirmance by the Supreme Court of the judgment below, although the question be

not expressly mentioned, either in the written synopsis of the points decided, or in the opinion filed, in the case.   See *McWilliams* v. *Walthall*, 77 *Ga.* 7.    It follows that the judgment below must be affirmed.

*Judgment affirmed.    All the Justices concurring, except Little and Lewis, JJ., absent.*