## 20340. DUNTON *v.* MOZLEY.

JENKINS, P. J.  1. A judgment sustaining a general demurrer to a declaration in a suit at law may be pleaded in bar to another suit for the same cause. Civil Code (1910), § 4338. *East Tenn. &c. Ry. Co.* v. *Greene,* 95 *Ga.* 35 (22 S. E. 36); *Smith* v. *Floyd County,* 85 *Ga.* 420, 422 (11 S. E. 850); *Papworth* v. *City of Fitzgerald,* 111 *Ga.* 54 (36 S. E. 311); *Smith* v. *Smith,* 125 *Ga.* 83 (54 S. E. 73). The rule is different as to a judgment on a special demurrer, since the ruling in such a case is not decisive upon the merits of the cause. *Mutual Benefit Life Ins. Co.* v. *Driskal,* 148 *Ga.* 699 (98 S. E. 265).

2. A judgment sustaining a general demurrer to a petition seeking equitable relief does not necessarily adjudicate the merits of the case, even though facts constituting a valid legal cause of action may be set forth, since the scope of such judgment may be limited to a decision upon the question as to whether the plaintiff was entitled to the particular relief sought. *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272). If, however, the ruling on general demurrer in such an equitable proceeding must necessarily have adjudicated the question as to whether or not a cause of action existed, the ruling on such a demurrer becomes res judicata as against a subsequent suit at law for damages on the same cause.

3. The vendee under a contract for the purchase of land is entitled, as a matter of right, to compel specific performance in a court of equity, and can not be made to accept damages in lieu of performance as an adequate remedy for the breach. "Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract." *Clark* v. *Cagle,* 141 *Ga.* 703 (1) (82 S. E. 21, L. R. A. 1915A, 317).

4. In the instant case, a previous petition in equity for specific performance having been filed, setting up an alleged breach of the alleged contract on the part of the defendant vendor, and the court having sustained a general demurrer to that petition, it necessarily became adjudicated not merely that the plaintiff was not entitled to the remedy sought, but that no cause of action existed as set forth. Consequently a subsequent suit at law on the same cause of action, merely seeking relief under a different remedy (*Farmer* v. *Baird,* 35 *Ga. App.* 208, 132 S. E. 260; *Hamlin* v. *Johns,* 41 *Ga. App.* 91, 151 S. E. 815, 817; *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 48 S. E. 318), is subject to a plea of res judicata on account of the previous adjudication upon the merits of the cause.

5. There is no merit in the contention of the plaintiff in error that the judgment in the former case was not valid because rendered in vacation, since no exception appears to have been taken thereto, nor is there any merit in the contention that the court should have submitted 'the issue raised by the plea of res judicata to a jury, since the bill of exceptions recites that "by consent of the parties, the plea of res judicata was submitted to the court to pass upon the law and the facts raised by the defendant's plea of res judicata, and make decision and judgment thereon from the pleadings and the record in said case."

6. Under the foregoing rulings, the court did not err in sustaining the plea of res judicata.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided November 15, 1930.

*T. F. Bowden, Homer C. Denton, Olin T. Lester,* for plaintiff. *Mozley & Gann,* for defendant.