28026. FIRST NATIONAL BANK OF ATLANTA, executor,
*v.* WILLIAMS.

DECIDED MARCH 15, 1940. REHEARING DENIED MARCH 30, 1940.

*Everett & Everett, Brandon, Hynds & Tindall,* for plaintiff in error.

*George & John L. Westmoreland, W. T. Dean,* contra.

GUERRY, J. Mrs. Williams filed in the court of ordinary a petition against the First National Bank of Atlanta and Dean J. Ratliffe, as executors and trustees of the will of E. F. Culpepper, deceased, for an accounting and settlement of Culpepper's estate. The bank filed a plea of res judicata, and an answer setting forth an accounting of said estate. The ordinary denied the prayers, and dismissed the petition. On the hearing of an appeal to the superior court the bank introduced in evidence (on the issue raised by the plea of res judicata) the entire record, including the remittitur from the Supreme Court, in a previous suit between the same parties. The judge thereupon directed a verdict sustaining the plea. Verdict and judgment thereon were entered, and the

action was dismissed. Thereafter a new trial was granted, and that judgment is assigned as error. The only question for determination is whether the evidence demanded a verdict in favor of the plea of res judicata, in which it was alleged that the same plaintiff brought a petition against it in 1933, alleging mismanagement of the estate, and praying that the executors be removed and a receiver be appointed to take charge of and manage the estate. Various demurrers to that suit were filed, one of which was "that no cause of action in law or equity is set out therein," and another was that "petitioner has an adequate remedy at law." The court sustained the general and special demurrers to the petition in that case, and the matter was brought to the Supreme Court. In affirming the judgment on demurrer the Supreme Court said: "The defendants filed demurrers on the ground that no cause of action was set out, that plaintiff had an adequate remedy at law, that no insolvency was alleged, and that the record showed that a receiver had already been appointed." *Williams* v. *First National Bank of Atlanta*, 181 *Ga.* 38, 40 (181 S. E. 225). The petition as originally brought was a proceeding in equity asking for appointment of a receiver because of the alleged mismanagement of the estate by the executors. The Supreme Court merely held that no equitable cause of action was set out, it not being alleged that the executors were insolvent. A decision which holds that no equitable cause of action is set forth is not res judicata as to whether a legal cause of action might be maintained, especially in view of the fact that the demurrer points out that there is an adequate remedy at law. We think the holding by the Supreme Court that there was an adequate remedy at law, no insolvency being alleged, failed to make the rulings on demurrer in the suit brought to obtain a receiver res judicata as to the action brought on the law side of the court. The defendant, having obtained the advantage of its demurrer that "there was an adequate remedy at law," should not be allowed to plead that such holding in its favor was res judicata on the question whether there was any cause of action in law.

The plaintiff in error cites *Georgia Railway & Power Co.* v. *Decatur*, 153 *Ga.* 329 (3) (111 S. E. 911), in support of the contention that the decision in the previous case was an adjudication that there was no legal cause of action. It was there said: "An affirmance by the Supreme Court of the order of the lower court

granting a temporary injunction is a ruling upon all questions of law involved, though the legal contentions may not have been specifically enumerated or mentioned in the opinion of the court." It was further said that the sole question at issue upon the former hearing of this case was whether or not the contract between the Georgia Railway and Power Company and the Town of Decatur was a valid, subsisting contract. Its validity was attacked in a number of ways; and it was held that the grant of injunction, which was affirmed by the Supreme Court, was an adjudication of every attack upon the validity of the contract, even though numerous objections may not have been specifically ruled on. The facts there are very different from the allegations in the suit which is pleaded as an adjudication of the issues raised in this suit for an accounting and settlement. Judge Nisbet in *Evans* v. *Birge*, 11 *Ga.* 265, 272, has laid down the correct rule applicable to the points here raised, as follows: "It is very well settled that a fact which has been directly tried and decided by a court of competent jurisdiction can not be contested again between the same parties or their privies, in the same or any other court. A judgment, therefore, of a court of law, or a decree in chancery, is an estoppel to the parties thereto, and to those who are in privity with them. This is the rule. It is, however, carefully and strongly fenced. The judgment must relate to the same question, and must clearly decide it. If it came *collaterally under consideration, or was only incidentally considered, there is no estoppel.* [Italics ours.] And if the decision of the question is ascertained inferentially, by arguing from the judgment or decree and the pleadings in the case, there is equally no estoppel."

In the original action which is pleaded as an adjudication it was alleged that the plaintiff "has no adequate remedy at law, . . and is remitted to this court of equity . . for relief;" and it was prayed that the executors be removed and a receiver be appointed, and that they account for their actings and doings up to the time of the appointment of the receiver. As stated above, the court ruled that no equitable cause of action was set out. The question as to a legal cause of action was only inferentially considered. In *Steed* v. *Savage*, 115 *Ga.* 97 (41 S. E. 272), it was held that such a ruling does not conclude the parties as to any matter except that the petition did not authorize the equitable relief

prayed for. In *Mitchell* v. *Southern Bell Telephone & Telegraph Co.*, 150 *Ga.* 46 (102 S. E. 346), it was held that where a general demurrer based on the ground that the plaintiff had a full and adequate remedy at law is sustained, the petitioner is not barred from pursuing his remedy at law. See *Missouri State Life Insurance Co.* v. *Lovelace*, 1 *Ga. App.* 446 (58 S. E. 93); *Dunton* v. *Mozley*, 42 *Ga. App.* 295 (2) (155 S. E. 794).

The court did not err in granting a new trial.

*Judgment affirmed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. The evidence fairly discloses that Mrs. Williams in her previous suit asked for an accounting and settlement of the estate. In that action a general demurrer was interposed, one ground of which alleged that the petition failed to set out a cause of action *in equity or at law.* All the grounds of the demurrer were sustained by the court, and the action was dismissed. That judgment was affirmed by the Supreme Court. *Williams* v. *First National Bank of Atlanta*, 181 *Ga.* 38 (supra). It is well settled law that a judgment on demurrer, until reversed, concludes the parties on all questions necessarily involved in the decision of the points raised by the demurrer. *Equitable Mfg. Co.* v. *Hill-Atkinson Co.*, 17 *Ga. App.* 494 (2) (87 S. E. 715). "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue, in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. It is contended by counsel for the defendant in error, that the judgment on the demurrer was not res judicata, for the reason that the Supreme Court in affirming the judgment said: · "The petition as amended failed to show an equitable cause of action, and the judge did not err in sustaining the demurrer." It is argued that this opinion of the Supreme Court was, in effect, a holding merely that the petitioner was not entitled to equitable relief, and left undecided the question of her right to obtain relief at law. I can not concur in this contention. The trial court in its ruling on the demurrer held that the petitioner had no cause of action *at law* or in equity; and *that* judgment was affirmed by the Supreme Court. The fact that the Supreme Court in its two-line headnote decision did not refer to that part of the judgment on the demurrer which held that

the petition showed no cause of action at law is immaterial. The real decision of the Supreme Court was the judgment affirming the judgment of the trial court, rather than what was said or left unsaid in the decision. In *Ga. Ry. & Power Co.* v. *Decatur*, 153 *Ga.* 329 (3) (supra), the court said: "An affirmance by the Supreme Court of the order of the lower court granting a temporary injunction is a ruling upon all questions of law involved, though the legal contentions may not have been specifically enumerated or mentioned in the opinion of the court." See also, to the same effect, *Savannah, Thunderbolt &c. Ry.* v. *Savannah*, 115 *Ga.* 137 (41 S. E. 592). In the instant case the petitioner was asking for an accounting of the estate, and for relief either at law or in equity. In sustaining the demurrer to the petition on the ground that it failed to set out a cause of action in law or in equity, the judge, under the allegations of fact set out in the petition showing how the defendants had handled the estate, resulting in the loss thereof, necessarily held that the defendants were authorized to handle the estate as they did handle it, even though it resulted in the loss of the estate. The affirmance by the Supreme Court of the judgment sustaining the demurrer and dismissing the previous case was in law an affirmance of the holding of the trial court that the petition failed to set out a cause of action *at law or in equity*, notwithstanding the failure of the Supreme Court to specifically say so. The judgment of the trial court on the demurrer, not having been reversed or set aside, has become the law of the case. The evidence in this case demanded the verdict directed in favor of the plea of res judicata; and the grant of a new trial was error.

ON MOTION FOR REHEARING.

GUERRY, J. This case arose in the court of ordinary because an heir and legatee of an estate filed a citation for settlement against the executor under the Code, § 113-2201 et seq. Until there has been such settlement and accounting there is no adjudication of this right. In the former suit brought to remove the executors and for the appointment of a receiver there were allegations of mismanagement, which were stricken on demurrer. Such allegations only came "collaterally under consideration, and were only incidentally considered" as was stated by Judge Nisbet in *Evans* v. *Birge*, supra. The decision in the former case certainly did not hold that the distributee of an estate was not entitled to a

settlement from the executor. It did decide that she was not entitled to have the executor removed and a receiver appointed, and that she had an adequate remedy at law, which remedy she is now pursuing. This court is not deciding what acts do or do not constitute mismanagement of an estate; such question is not before it on this appeal. There is no estoppel or former adjudication in the present suit, unless it is shown that a settlement and accounting have been had.

*Rehearing denied.* *MacIntyre, J., concurs.* *Broyles, C. J., dissents.*