33846. DENSMORE v. BROWN et al., Trustees, etc.

CARLISLE, J. 1. Under the Police Pension Act of 1933 (Ga. L. 1933, p. 213), as amended by the act of 1945 (Ga. L. 1945, p. 1067), it is provided (section 4): "That in the event a member of such police department, in good standing, shall be retired under the provisions of this Act, because of total disability from injuries received *in line of duty,* or because of poor health, that shall render him totally disabled as a result of such police service, but not on account of injuries or ill health brought about on account of his own indiscretion or his own act, he may apply for a disability pension under the provisions of this Act, which shall not exceed the sum of 55% of the monthly salary or pay he was receiving at the time he was found to be disabled, but not to exceed $100.00 per month"; and by the terms of the same act (section 4a) it is provided: "Any member of said pension fund who shall hereinafter become because of accident, injuries or illness *outside of police duties,* and not from his own indiscretion, totally and permanently disabled within the meaning of said term as defined by law, he may apply for a disability pension and if such pension is approved by a majority of the Board of Trustees the same shall be granted upon the following conditions: No person shall be granted any pension whatsoever for such disability until such person has been in the employment of the department for a period of 10 years. Such person shall be entitled to receive as a pension such percentage of the full pension provided for as his years of service bears to 25 years." A member of a police department, coming

under the provisions of this act, who is in good standing at the time he becomes totally and permanently disabled, may apply for a pension equal to 55% of his monthly salary, but not to exceed $100 per month, if he becomes totally and permanently disabled from injuries or poor health sustained *in line of duty*, if not brought about by his own indiscretion or his own act; or, under the same conditions, provided he has been in the employment for a period of ten years, he may apply for a pension for injuries or poor health sustained *outside of police duties*, and receive such percentage of the full pension provided for as his years of service bear to 25 years. It appears, therefore, that a member of a police department coming within the provision of this act is entitled to two types of pension; and where it is made to appear that a member of such a police department applied to the Board of Trustees of the Pension Fund for a pension of $100 per month for the remainder of his natural life because of total and permanent disability, alleged to have been sustained by him from injuries received in the line of duty, and such application *is denied* by the Board of Trustees; and it is further made to appear that, subsequently to the denial of the application, such member of the police department made another application for a pension of $52 per month (being 13/25 of the full monthly pension) because of total and permanent disability alleged to have been sustained by him from injuries arising *outside of police duties*, the denial of the first application is not res adjudicata as to the application based on injuries arising *outside of police duties*, unless it be made to appear that the Board of Trustees, in denying the first application, was called upon, and did in fact pass upon the member's right to receive either type of pension; and it is incumbent upon one relying on the plea of res adjudicata to sustain such plea (*Findley* v. *Johnson*, 84 *Ga.* 69, 10 S. E. 594); and, where in a petition for certiorari only such facts as have been related above appear in the record, which facts are admitted by the respondent Board of Trustees—it being nowhere made to appear that the Board of Trustees had in fact passed upon the issue of the member's right to a pension for injuries sustained outside police duties— the superior court errs in overruling and denying the petition for certiorari.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED MAY 1, 1952.

*Ralph R. Quillian*, for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Harry L. Bowden*, for defendants.