### 37750. MORGAN *v.* HEMPHILL.

QUILLIAN, Judge. Where a party asserts a right of recovery on the theory that he has fully performed a contract of employment and thereby accomplished the results that under the terms of the agreement entitled him to the compensation therein stipulated, and the petition is dismissed on a general demurrer because the facts alleged do not show that he accomplished the results on which his right of compensation depends, he can not be permitted to recover in a subsequent action brought on the theory that his failure to procure such results was prevented by the defendant's fault. To such a situation may be applied the words of Chief Justice Bleck-

ley's famous opinion, *Perry* v. *McLendon*, 62 *Ga.* 598, 604: "The effect of a judgment cannot be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon. . . . He must discharge all of his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." Other cases of our appellate courts supporting the view expressed here and pronounced in *Perry* v. *McLendon*, 62 *Ga.* 598, supra, with the lucid brilliance of the great sage of Rabun are *Wolfe* v. *Georgia Ry. &c. Co.*, 6 *Ga. App.* 410 (65 S. E. 62) ; *Woods* v. *Travelers Ins. Co.*, 53 *Ga. App.* 429 (1) (186 S. E. 467). In the *Woods* case it is said: "Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." If the rule were otherwise, a party might undertake to recover on the same transaction on a dozen different theories, in an equal number of cases, to the end that litigation would become extended indefinitely, and no cause arising out of a contract of employment could be finally adjudicated. The trial judge did not err in sustaining the plea of res judicata, and his judgment must accordingly be affirmed.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., dissents.*

DECIDED SEPTEMBER 24, 1959.

*L. L. Russo, J. Walter LeCraw*, for plaintiff in error.
*David Gershon, R. Monroe Schwartz*, contra.

FELTON, Chief Judge dissenting. I cannot concur in the ruling that the trial court properly sustained the defendant's plea of

res judicata. The present suit seeks to recover on quantum meruit for work and services performed under an agreement between the parties made on January 20, 1958, whereby the defendant engaged the services of the petitioner as a real-estate broker to procure for him a contract of purchase and sale of his property as described in the petition. It is further alleged that on January 23, 1958, a prospective purchaser procured by the plaintiff accepted the defendant's written offer for sale of the property in question. This contract, which declared the plaintiff to be a party for the purpose of "enforcing his commission rights," was declared by the Supreme Court to be too indefinite and uncertain for enforcement. (*Morgan v. Hemphill*, 214 *Ga.* 555, 105 S. E. 2d 580). And the plaintiff's suit to recover her broker's commission *under the provisions of said contract* was held properly dismissed on general demurrer. *Morgan v. Hemphill*, 98 *Ga. App.* 732 (106 S. E. 2d 865). The present suit is not an attempt by the plaintiff to recover on the same contract previously ruled to be invalid. It does not seek a recovery under this same contract on a different theory as to the amount of compensation, as did the amendment in *Kraft v. Rowland & Rowland*, 33 *Ga. App.* 806 (128 S. E. 812). Rather it abandons entirely the invalid contract of January 23rd and specifically seeks to recover for services rendered under the previous agreement of January 20th. In my opinion, this is sufficient to remove it from the operation of the general rules as to res judicata on which the majority rely.

While I cannot agree that the trial court properly sustained the defendant's plea of res judicata, I believe that its judgment dismissing the petition on general demurrer should be affirmed. In order to withstand a general demurrer, the petition must contain allegations sufficient to show that the plaintiff, during the agency found "a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner" (Code § 4-213), or that a valid contract was entered into with the purchaser procured. "While the petition does allege that the purchaser procured actually offered to buy on the terms stipulated, and might thus be taken to aver that the purchaser was ready and willing to buy, it is nowhere alleged that the

purchaser was in fact able to comply with his offer to buy." *Dixon* v. *Brooks,* 44 *Ga. App.* 608 (3) (162 S. E. 287). While it is true that this petition does allege "petitioner has completely performed the services for which she was engaged by defendant," this allegation is not sufficient against general demurrer, since the petition also alleges that the nature of such services was "to procure for him (the defendant) a contract of purchase and sale of his property" and goes on to show that the contract allegedly obtained through the efforts of the plaintiff is one which was held to be invalid in the previous litigation cited above. If the contract now sued on was one which obligated the broker to procure a purchaser who was ready, willing and able to purchase on the terms fixed by the owner I think that the general allegation that the plaintiff had fully performed the services she was employed to perform would have been sufficient to allege as against a general demurrer that the purchaser obtained was able to buy. However, since the plaintiff's obligation was to procure a contract of purchase the plaintiff's compliance with her agreement to procure a contract would necessarily mean a valid and enforceable contract, whereas the petition shows on its face that the contract actually procured was void and unenforceable.