### 39847. BOOKER v. BOOKER.

NICHOLS, Presiding Judge. Prior to filing the instant case the plaintiff, on September 9, 1960, instituted a previous action against the defendant here to set aside a decree of divorce granted to her on June 8, 1959, and a property settlement agree-

ment entered into on April 25, 1959, which property settlement agreement had been incorporated in the terms of the decree of divorce, upon the grounds of fraudulent representations. In that case the defendant filed a general demurrer to plaintiff's petition and on April 9, 1961, the trial judge sustained same. Thereafter, on October 9, 1961, the Supreme Court affirmed the ruling of the lower court in sustaining the general demurrer. See *Booker v. Booker*, 217 Ga. 342 (122 SE2d 86). Following the unsuccessful attempt to have the divorce decree and the property settlement agreement set aside in *Booker v. Booker*, supra, plaintiff on May 28, 1962, filed the instant suit to recover damages against the same defendant upon the grounds of alleged fraud and deceit growing out of the same property settlement agreement and divorce action that plaintiff had sought to have set aside in the *Booker* case, supra. To this petition defendant filed a plea of res judicata, plea of estoppel, estoppel by judgment, motion to dismiss and a general demurrer. Thereafter plaintiff filed an amendment to her petition setting out additional allegedly fraudulent acts on the part of the defendant and defendant then renewed all of his various pleas. Plaintiff then made an oral motion to strike defendant's plea of estoppel, estoppel by judgment and motion to dismiss, which on August 24, 1962, the trial court overruled. On the same date, but without hearing any evidence in support of same and without the introduction into evidence of the pleadings in the former case, the trial court sustained defendant's plea of res judicata. To these adverse rulings of the trial court the plaintiff excepted, assigns error and brings the case here for review. *Held:*

While the trial court, in the absence of any evidence to support the plea of res judicata (or without the introduction into evidence of the pleadings, verdict and judgment of the former suit, although copies of same were attached to defendant's pleadings as exhibits in the present case), erred in sustaining same, *Salter v. Heys*, 207 Ga. 591, 595 (3) (63 SE2d 376); *Akins v. Beaver*, 98 Ga. App. 472 (106 SE2d 91); *Findley v. Johnson*, 84 Ga. 69 (4) (10 SE 594), it was nevertheless, we think, harmless error in view of the stipulations filed and admissions in judicio made by plaintiff that she is the same party that filed both the suit for divorce and alimony in

the Superior Court of Chatham County, Georgia, being case number J-49705, and the subsequent action in the same court, an equitable petition to set aside the divorce and alimony decree, being case number 2933. These stipulations and admissions had the effect of abandoning any contentions of plaintiff that the judgment of the superior court should be reversed because of a failure to hear evidence in support of the plea of res judicata. Therefore the one remaining contention is that the plaintiff denies in both her stipulations and admissions in judicio that her prior suit to set aside the divorce and property settlement agreement amounted to an adjudication of her present suit for damages and contends that the plea of res judicata should be overruled. In support of this position plaintiff in her brief contends that her former suit to set aside the divorce and alimony decree amounted to an election of an improper remedy on her part and that the sustaining of the general demurrer in that case was just an adjudication that she was not entitled to such remedy and "that the first action was merely a nullity—and did not amount to anything." With this contention we cannot agree. "Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as a pending litigation the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." *Woods v. Travelers Ins. Co.*, 53 Ga. App. 429 (1) (186 SE 467). See also *Perry v. McLendon*, 62 Ga. 598, 604, where Chief Justice Bleckley speaking for the court said: "The effect of a judgment cannot be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of the case and not certain of its limbs only, that the final judgment takes hold upon. . . He must discharge all of his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." See also in support of what is said here the cases of

*Wolfe v. Georgia R. &c. Co.,* 6 Ga. App. 410 (65 SE 62) ; and *Morgan v. Hemphill,* 100 Ga. App. 229, 232 (110 SE2d 780). When the petitions in the former and instant cases are laid side by side it is readily discernible that the same parties, same subject matter, i.e., the property settlement agreement and the same fraudulent acts are basically the cause of action in each case, the only difference being that the former suit was brought in equity and the instant suit is one at law for damages. Accordingly, the previous petition in equity to set aside the divorce and alimony decree on the same grounds of fraud as in the instant case, and the court having sustained a general demurrer to that petition, a fortiori the present suit at law for damages, but predicated upon the same cause of action, was subject to the plea of res judicata because the former judgment not only decided that plaintiff was not entitled to the remedy sought, but also was an adjudication upon the merits of the cause. *Code* §§ 110-501, 110-504; *Sudderth v. Harris,* 51 Ga. App. 654 (181 SE 122) ; *Dunton v. Mozley,* 42 Ga. App. 295 (155 SE 794) ; *Langford v. Holton,* 78 Ga. App. 632, 637 (51 SE2d 687).

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 12, 1963.

J. E. *Wilson,* for plaintiff in error.

*Hitch, Miller, Beckmann & Simpson, R. M. Hitch, John E. Simpson,* contra.