73125. LAYFIELD v. TURNER ADVERTISING COMPANY.
(354 SE2d 14)

POPE, Judge.

Zack T. Layfield, appellant, owned real estate which he had

leased to Turner Advertising Company, appellee. Appellant sold the property to Meyers Parking System, Inc., representing at closing that there were no encumbrances on the property other than a lease agreement. After the sale of the property, Meyers wrote appellee stating, inter alia, that it wished to exercise the cancellation clause in the lease agreement dated September 1, 1981. Appellee forwarded the letter to its legal counsel, who, in turn, requested a copy of the lease existing between appellee and appellant. Appellee forwarded to said counsel a lease dated October 27, 1978; this lease did not contain a cancellation clause. However, another lease, dated September 1, 1981, existed. Appellee was unaware of the existence of this lease due to a cover-up by an elderly employee who had wrongfully forged his supervisor's name to the lease. This lease did contain a cancellation clause.

Believing the October 1978 lease to be the effective legal document, appellee asked its counsel to write Meyers, stating that the 1978 lease contained no cancellation clause. In that letter counsel requested a copy of the lease dated September 1, 1981 to which Meyers had made reference in a previous letter. Counsel stated, "Your letter refers to a lease dated September 1, 1981. This lease is not in my client's lease files and we would appreciate receiving a copy of this document which we do not believe to be a lease applicable to this subject property." Later, counsel for appellee received a copy of the 1981 lease.

Appellant subsequently filed this action against appellee. In his proposed pretrial order, appellant set forth separate theories of libel, negligence, intentional interference with contractual relations with Meyers, and intentional infliction of emotional distress. Appellant alleged that the letter to Meyers from appellee's counsel was defamatory in that it implied that appellee had made false representations to Meyers at the closing for the sale of property.

At the close of appellant's evidence at trial, appellee moved for directed verdict on all of the above-stated theories. At that time, appellee argued that the communication was protected under the doctrine of conditional privilege. In response, appellant argued, inter alia, that there existed a jury question as to whether appellee acted with malice. The trial court directed a verdict against appellant on each of his theories. Although on appeal appellant enumerates as error the trial court's entry of directed verdict, he sets forth argument and citation of authority solely on the issue of libel. Therefore, this court is bound to consider only this issue.

In his appellate brief, appellant argues, inter alia, that negligence can negate the good faith element of conditional privilege. Careful review of the record reveals, however, that appellant failed to raise this argument in defense of the motion for directed verdict. Therefore, he is barred from raising this argument for the first time on appeal. See

*Williams v. Owen*, 241 Ga. 363, 369 (245 SE2d 638) (1978); *Reed v. Williams*, 160 Ga. App. 254 (2) (287 SE2d 47) (1981).

Generally, the burden of proof lies on the plaintiff to show actual malice in order to rebut prima facie evidence of the defense of conditional privilege. *Van Gundy v. Wilson*, 84 Ga. App. 429 (1) (66 SE2d 93) (1951). The record reveals that the letter, allegedly constituting a libel, was written in the normal course of business in an effort to resolve a bona fide dispute between two parties concerning their respective rights. As such, the communication clearly falls within the purview of OCGA § 51-5-7 (3) which bestows privilege on communications "made with a good faith intent on the part of the speaker to protect his interest in a matter in which it is concerned." See *Sherwood v. Boshears*, 157 Ga. App. 542 (278 SE2d 124) (1981). There is no evidence in the record to support an allegation that appellee acted with actual malice.

Directed verdict is proper where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a verdict. OCGA § 9-11-50 (a). The trial court did not err in directing a verdict for appellee on appellant's claim of libel. See *Sherwood v. Boshears*, supra.

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED FEBRUARY 18, 1987.

*R. Wayne Pressley*, for appellant.
*David H. Flint, Paul E. Weathington*, for appellee.