## A89A1402. SARVER v. ORRINGTON.
(387 SE2d 4)

SOGNIER, Judge.

Otto Sarver brought suit against Willard Donald Orrington seeking damages for noneconomic losses he allegedly incurred when his automobile was struck by Orrington's automobile. The trial court granted Orrington's motion for a directed verdict at the close of Sarver's evidence and Sarver appeals.

The trial court granted appellee's motion for directed verdict on the basis that appellee was exempt from liability under OCGA § 33-34-9 (a) because appellant had failed to present evidence that he had suffered a "serious injury" as defined in OCGA § 33-34-2 (13).

(a) Appellant contends he suffered a "serious injury" under the statute because his injuries "result[ed] in reasonably incurred medical expenses exceeding $500.00." OCGA § 33-34-2 (13). The transcript fails to support appellant's argument. Appellant was seen by several doctors (the deposition testimony of two being in the transcript), and

evidence was admitted establishing medical expenses of $492.22 incurred as a result of the accident. As to the other evidence with which appellant sought to meet the $500 threshold requirement, however, the record clearly establishes that the prescription for Deltasone was not prescribed for purposes related to appellant's accident. Appellant also argues that he reached the threshold amount by his many purchases of buffered aspirin. Assigning the ordinary, logical, and common meaning to the phrase "reasonably incurred medical expenses," see generally *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 600 (327 SE2d 736) (1985), we find no error in the trial court's holding under the facts of this case that appellant's self treatment, by means of an over-the-counter drug not prescribed or recommended as a course of treatment by a health care professional, did not constitute a "reasonably incurred medical expense" under OCGA § 33-34-2 (13).

(b) Appellant contends he suffered a "serious injury" under the statute because his injuries resulted in "permanent loss of a bodily function." OCGA § 33-34-2 (13). In his response to appellee's requests for admission, appellant stated that as of the date of his response, "neither [appellant's] injuries nor any complications from the medical treatments of [appellant's] injuries have yet resulted in either permanent or partial or total loss of a bodily function, except that it is becoming increasingly probable that [appellant's] injuries will result in permanent loss of mobility to [appellant's] neck and back." At trial there was no evidence that appellant's condition had changed since his response to the request for admissions. Although appellant refers this court to the deposition testimony of Dr. A. M. Phillips, Jr., that testimony does not support appellant's assertions but rather establishes that appellant had not experienced any change in his condition. While Dr. Phillips stated that appellant's condition would probably not get *better* without surgery, the doctor also testified he could not tell whether appellant's condition would *worsen*, and that it was conceivable that appellant's pain would subside and he would feel better.

Thus, the record reveals that appellant admitted in judicio (see generally *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (2) (353 SE2d 847) (1987)) that he had suffered no permanent loss of bodily function, and the transcript demonstrates that no evidence was presented to establish that appellant's prediction that a bodily function would be permanently lost, as referenced in appellant's answer, had become or would become a reality. "Directed verdict is proper where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a verdict. [Cit.]" *Layfield v. Turner Advertising*, 181 Ga. App. 824, 826 (354 SE2d 14) (1987). We find no error in the trial court's grant of appellee's motion for a directed verdict. Id.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 26, 1989 —

*Horace L. McSwain III*, for appellant.
*James V. Towson, H. Jerome Strickland, Jr.*, for appellee.