A90A1975. JUSTUS v. JUSTUS et al.
A90A1976. JUSTUS v. JUSTUS.
(402 SE2d 126)

SOGNIER, Chief Judge.

Randall C. Justus brought suit against his former wife, Anne Marie Justus, and William E. Kelley, seeking damages for fraud and deceit. Anne Marie Justus and Kelley moved for summary judgment, which was denied, and the case was tried before a jury. At the close of the plaintiff's evidence the trial court granted a directed verdict in favor of the defendants, and Randall Justus appeals. Anne Marie Justus cross appeals from the trial court's denial of her motion for summary judgment.

The record reveals that the Justuses were married in 1961 and divorced in 1985. There were two children born during the marriage, Randall, Jr., and Deena, both of whom had attained majority at the time of this action. Evidence adduced at trial showed that Randall had instituted the divorce proceedings because he was seeing another woman at the time. After the divorce, Anne Marie revealed to Randall that more than 20 years earlier she and her then pastor, Kelley, had engaged in sexual relations on one occasion; that shortly thereafter she realized she was pregnant; and that approximately nine months later their daughter Deena was born. Anne Marie testified that because she was having sexual relations with her husband during the same time period she always considered it a very remote possibility that Kelley could have been Deena's biological father. However, after the Justuses divorced, Deena's child developed hematologic problems and, to help her grandchild, Anne Marie sought out Kelley (whom she had not seen in over 20 years) to ask that he submit to blood tests to determine the possibility of his being Deena's father. Deena and Randall were tested as well. The results of the blood tests showed that Kelley was the biological father of Deena to a 99.76 percent probability and that it was a scientific impossibility for Randall to be Deena's biological father.

1. We find that the issue raised in Anne Marie Justus's cross appeal is dispositive as to her, and consequently we address it first. In the cross appeal, Anne Marie contends the trial court's denial of her motion for summary judgment was error because she was entitled to summary judgment on the ground of res judicata. We agree.

We note initially that ordinarily, the denial of a motion for summary judgment is not reviewable after verdict and judgment. See *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847 (1) (389 SE2d 505) (1989). That rule rests upon the sound reason that after verdict and judgment, any question of the denial of summary judgment is moot, because the reviewing court is able instead to review the evidence adduced at trial. Id. In this case, however, a directed verdict was

granted to Anne Marie at the close of Randall's case-in-chief. Because she had no opportunity at trial to present the evidence upon which her motion for summary judgment was based (her affirmative defense of res judicata), we address her contention that the trial court erred by denying her motion for summary judgment.

Addressing the merits of that contention, the record shows that prior to the institution of this action, Randall had sought to set aside the divorce decree in Catoosa County under OCGA § 9-11-60 (d). In that action, to which Kelley was not a party, Randall alleged fraud and deceit on the part of Anne Marie, contending that under OCGA § 19-6-1 (b), she was not entitled to receive alimony because of her adultery, and seeking recovery of all sums expended by him in support of Deena. In its final order, the Catoosa County Superior Court denied Randall the relief he sought on the basis that OCGA § 19-6-1 (b) provides that a party is barred absolutely from receiving alimony only where "it is established . . . that the separation between the parties was caused by that party's adultery or desertion," and the evidence showed that the separation between these parties had been caused by Randall's, rather than Anne Marie's, conduct. After this court and the Supreme Court denied appellant's application for discretionary appeal in that case, Randall then instituted this action seeking damages for fraud and deceit. It is thus readily apparent from a review of the pleadings in both actions that the issue raised in this action was raised in the prior litigation as well.

Moreover, even had it not been raised in the previous action it could have been, and OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Accordingly, Randall's action against Anne Marie is barred as a matter of law, see *Booker v. Booker*, 107 Ga. App. 339 (130 SE2d 260) (1963), and the trial court erred by denying her motion for summary judgment. See id. at 341-342.

2. In the main appeal, Randall contends the trial court erred by granting a directed verdict to Anne Marie and Kelley. Our holding in Division 1 makes it unnecessary that we consider whether appellant's contention has merit as to Anne Marie, because appellant's action against her is barred by the doctrine of res judicata. However, since Kelley was not a party to the prior suit, Randall's enumeration of error must be addressed as it pertains to Kelley.

Randall's action against Kelley is premised upon Kelley's alleged concealment of the fact that he was Deena's father. "Suppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the

confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53. It cannot be denied that paternity is material in this case. There is no indication in the record, however, that Randall ever inquired of Kelley regarding Deena's paternity, and even assuming that Kelley possessed such knowledge as a fact, appellant has cited no authority, and we have found none, suggesting an affirmative duty on Kelley's part to disclose it to Randall. See generally *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 164-166 (303 SE2d 742) (1983) (applicant for insurance under no duty to disclose specific health information if not requested by insurer). Moreover, imposing on Kelley and others in circumstances similar to those presented here an affirmative duty to disclose their paternity of children born within another's marriage would hinder, rather than advance "[t]he preservation of the family unit[, which] is of such utmost importance in this state that it has recently been given stature in our state constitution: 'To . . . promote the interest and happiness of the citizen and *of the family*, . . . we the people of Georgia . . . do ordain and establish this Constitution.' . . ." *Clabough v. Rachwal*, 176 Ga. App. 212, 213-214 (335 SE2d 648) (1985). We hold, therefore, that under the circumstances present here, no affirmative duty existed on Kelley's part to disclose to Randall that Deena was his child. Because no duty existed, Kelley could not have been guilty of a breach of duty by failing to disclose the information, and thus a directed verdict in his favor was proper.

"By the great weight of authority, one appealing the *denial* of a motion for directed verdict may not raise for the first time on appeal a ground not specifically raised in the original motion. [Cits.]" (Emphasis supplied.) *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83, 84 (295 SE2d 841) (1982). In *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299-300 (2) (352 SE2d 185) (1986), in an en banc decision, this court held that this rule should also be applied when considering appeals from the *grant* of a motion for directed verdict. In the present case, the trial court did not grant the directed verdict on the basis that Kelley had no duty to disclose, but rather on the basis that Randall had failed to carry his evidentiary burden of showing that Kelley knew that he was Deena's father. Nevertheless, we find that here, as in *Green v. Knight*, 153 Ga. App. 183, 184-185 (1) (264 SE2d 657) (1980) (cited in *Grabowski* as an *exception* to the rule created there, id. at 300, n. 1), this ground was covered in the general ground asserted (failure to show the elements necessary for fraud by concealment, which, as in *Green*, could not be cured upon reopening the plaintiff's case), making this case, like *Green*, supra, an exception to the *Grabowski* rule. Accordingly, we find that we may apply here the principle that " '[w]here the judgment of the trial court is proper and legal for any reason, it will be affirmed regardless of the reason as-

signed. (Cit.)' [Cit.]" *Haywood v. Aerospec, Inc.*, 193 Ga. App. 479 (2) (388 SE2d 367) (1989). The trial court's grant of a directed verdict to Kelley was proper. See generally *Sarver v. Orrington*, 193 Ga. App. 42, 43 (b) (387 SE2d 4) (1989).

Judgment affirmed as to Kelley and vacated as to Anne Marie Justus in Case No. A90A1975. Judgment reversed in Case No. A90A1976. McMurray, P. J., and Carley, J., concur.

DECIDED FEBRUARY 11, 1991.

*Gleason, Davis & Dunn, John W. Davis, Jr., David J. Dunn, Jr.,* for appellant.

*Ronald C. Goulart, John R. Emmett,* for appellees.