A93A0325. PEEPLES v. CITIZENS & SOUTHERN COMMERCIAL CORPORATION.
A93A0326. NATIONSBANC COMMERCIAL CORPORATION v. PEEPLES.
(433 SE2d 319)

BIRDSONG, Presiding Judge.

Shelby Peeples, Jr., appeals the verdict and judgment in favor of defendant NationsBanc Commercial Corporation (NBCC) f/k/a Citizens & Southern Commercial Corporation in his suit for libel and slander. NBCC cross-appeals.

Peeples is president and major stockholder of Textile Coating, Ltd. in Dalton, Georgia. NBCC is a factor and purchased accounts receivables from Mydrin, Inc., which supplied latex to Textile Coating. The evidence was disputed as to whether NBCC granted a $300,000 credit line to Textile Coating, or whether NBCC granted a credit line to Mydrin for shipments to Textile Coating. Peeples is a stockholder at Fidelity Savings Bank and has accounts there, but is neither an officer nor a director of the bank. He has never been arrested or convicted of a crime. However, rumors arose in Dalton in January 1991, that certain persons, including Peeples, had been or were to be indicted for improprieties at that bank. NBCC does not contend these rumors were true or had any substance.

An NBCC employee in Dalton, whose business it was to pass on rumors to the main office in Atlanta, heard the rumors on January 4, 1991, and called Gregory Farr, a credit officer with NBCC's factoring accounts in the carpet industry. On the same day, Farr allegedly called credit managers of other businesses in the Dalton carpet industry and related that Peeples was going to be arrested or indicted; al-

legedly, Farr embellished the rumors. Farr also allegedly notified Mydrin by telephone that NBCC was rescinding its credit line from Mydrin for shipments to Peeples' business. From January 4, news articles were published in local papers which apparently confirmed that the rumors were false. The NBCC employee who relayed the rumors to Farr learned the rumors were false but did not inform Farr. By letter of January 8, postmarked January 11, Farr wrote to Mydrin that the credit line on Textile Coating had been rescinded as of that date, and that the customer's line had been pulled until NBCC could find out the fate of the company with regards to Shelby Peeples' recent problems.

NBCC contends its employee's actions and communications were privileged communications under OCGA § 51-5-7 (1)-(3), particularly (3): "The following communications are deemed privileged . . . Statements made with a good faith intent on the part of the speaker to protect his interest in a matter in which it is concerned." NBCC further contends the letter's contents were true and therefore not libelous. NBCC disputed whether Farr imputed a crime to Peeples; who heard or passed any rumors; who believed or had heard them before; whether the rumors harmed Peeples; and whether Farr investigated the rumors before he relayed them in writing to Mydrin and verbally to others. *Held*:

1. In his appeal Peeples contends the trial court erred in charging the jury that to find libel in the letter to Mydrin, it must find that Farr acted with actual malice.

The trial court did not err in this charge. The conditional privilege under § 51-5-7 concerns itself with whether Farr acted with a "good faith intention" to protect his employer's interest. Our cases have said, in accord with the statute, that the jury need consider only the speaker's good faith intention (see *Kennedy v. Johnson*, 205 Ga. App. 220, 223 (421 SE2d 746); *Elder v. Cardosa*, 205 Ga. App. 144, 146-147 (421 SE2d 753); *Layfield v. Turner Advertising Co.*, 181 Ga. App. 824, 826 (354 SE2d 14)), which necessarily requires an inquiry into the presence of malice. In *Land v. Delta Airlines*, 147 Ga. App. 738, 739 (250 SE2d 188), we held the communication was conditionally privileged, as "there [was] no slightest indication either that [the speaker] was motivated by malice or that there was publication beyond that approved by [*LuAllen v. Home Mission Board &c.*, 125 Ga. App. 456 (188 SE2d 138), i.e., communication only to parties concerned in the matter]." In *Melton v. Bow*, 145 Ga. App. 272 (243 SE2d 590), aff'd 241 Ga. 629 (247 SE2d 100), a case not involving the media, we said: " '[I]t must be proven that the libelous publication was made with actual malice. . . . *The circumstances, all of the circumstances*, must be considered, and from those circumstances . . . a jury may properly conclude the publisher was motivated by malice.'

[Cit.]"

Accordingly, the trial court did not err in charging the jury that if it found a conditional privilege existed for Farr, actual malice must be found to support the claim for libel.

2. Assuming the trial court erred in refusing to give the charge that the jury could find no privilege existed if any of the elements constituting the conditional privilege were missing, we find no harm. To make the defense of privilege complete, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. *Kennedy*, supra at 223. The jury construed the evidence in NBCC's favor by finding no actual malice in Farr's letter to Mydrin and we are bound to uphold that evidentiary finding; in that light, none of the elements of conditional privilege was lacking.

3. The trial court correctly granted summary judgment to NBCC on the issue of slander. See *WMH, Inc. v. Thomas*, 260 Ga. 654 (398 SE2d 196); *Lepard v. Robb*, 201 Ga. App. 41 (410 SE2d 160).

4. The trial court did not err in disallowing evidence of Farr's personnel records, on the question of NBCC's knowledge of his alleged propensity for relaying damaging information without proper investigation. This evidence was more prejudicial than relevant to the case, as the letter to Mydrin was found conditionally privileged, based on a good faith intention to protect NBCC's interest in a matter in which it was concerned (OCGA § 51-5-7 (3)) and was communicated only to the party concerned. *LuAllen*, supra.

5. It is unnecessary to consider NBCC's cross-appeal, as the jury's verdict in its favor is affirmed.

*Judgments affirmed. Andrews, J., concurs. Pope, C. J., concurs specially.*

Pope, Chief Judge, concurring specially.

"To make the defense of privilege complete . . . good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear." (Citations and punctuation omitted.) *Kennedy v. Johnson*, 205 Ga. App. 220, 223 (421 SE2d 746) (1992). In that enumeration of error addressed in Division 2 of the opinion, plaintiff argues the trial court erred in failing to instruct the jury that if any of the five elements of a conditional privilege were not present, the privilege would not apply. No error is shown in the charge to the jury because the trial court properly instructed the jury that in order for the defense of privilege to be complete these five elements "must all appear."

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 — 

*Hine, Carroll & Niedrach, Edward Hine, Jr., John F. McClellan, Jr.*, for Peeples.

*Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Kathryn S. Whitlock*, for C & S and NationsBanc.