A94A0845. STAHL HEADERS, INC. v. MacDONALD et al.

(447 SE2d 320)

Smith, Judge.

Stahl Headers, Inc. brought this action against a former employee, Donald L. MacDonald, and his new employer, VEI, Inc. Among other things, Stahl alleged that the defendants had converted trade secrets and processes that were the property of Stahl, that defendant MacDonald had violated a written non-disclosure agreement with Stahl, and that VEI and MacDonald tortiously interfered with that agreement. On the trial of the case, special interrogatories were submitted to the jury.

The jury found that MacDonald and VEI did not violate the Georgia Trade Secrets Act, OCGA § 10-1-760 et seq., and did not convert any "trade secrets" of Stahl to their own use. However, the jury found that MacDonald breached his contract with Stahl and that VEI intentionally interfered with the contractual relationship between MacDonald and Stahl. The jury declined to award punitive damages but awarded attorney fees to Stahl. The trial court granted defendants' motion for a j.n.o.v., and Stahl appealed to the Supreme Court, which transferred the case to this court for disposition. See generally *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

Initially, we note that defendants are mistaken in their contention that Stahl's claims are entirely dependent on the existence of a "trade secret." There was evidence in the record from which the jury could find that MacDonald, while employed at Stahl, executed a written non-disclosure agreement. The original and copies of the agreement were missing from MacDonald's personnel file. MacDonald initially denied having signed the agreement, but he ultimately acknowledged and his counsel stipulated that he had done so.

The agreement provided that MacDonald would not disclose "any information designated as Confidential by the Company, or designated by the Company as Limited, Restricted, Private, or as a TRADE SECRET or not known to the General Public as recognized standard practice, whether acquired or developed by me in the course of my employment or obtained from other employees." Georgia courts have long recognized that a valid non-disclosure agreement executed by an employee grants contractual rights over and above those provided by law under the Georgia Trade Secret Act or the common law. *Avnet, Inc. v. Wyle Labs.*, 263 Ga. 615, 619 (2) (437 SE2d 302) (1993); *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135, 139 (3) (355 SE2d 437) (1987).

However, to be valid, a non-disclosure agreement must satisfy the requirements of reasonableness under Georgia law. "The tests used to determine the validity of a non-competition and a non-disclosure pro-

vision are not the same. 'Unlike general non-competition provisions . . . specific nondisclosure clauses bear no relation to territorial limitations and their reasonableness turns on factors of time and the nature of the business interest sought to be protected.' [Cit.] The two important factors are '(1) whether the employer is attempting to protect confidential information relating to the business, such as trade secrets, methods of operation, names of customers, personnel data, and so on — even though the information does not rise to the stature of a trade secret; and (2) whether the restraint is reasonably related to the protection of the information.' [Cits.]" *Kem Mfg. Corp. v. Sant*, supra, 182 Ga. App. at 139 (3).

A non-disclosure agreement which contains no time limitation is unreasonable and unenforceable. *U3S Corp. of America v. Parker*, 202 Ga. App. 374, 378 (2) (b) (414 SE2d 513) (1991). The non-disclosure agreement executed by MacDonald contains no specific time limitation and expressly prohibits disclosure "during or subsequent to the term of . . . employment" without limitation. It is therefore unenforceable.

It follows that VEI cannot be held liable for tortious interference with an unenforceable contract. "In order for [Stahl] to recover for unlawful interference with [its] contractual relations with [MacDonald], there must have been an enforceable contract existing between the parties. As we have held the operating contracts to be unenforceable, it follows that there can be no recovery for any alleged interference with these contracts." (Citations and punctuation omitted.) *Shanco Intl., Ltd. v. Digital Controls*, 169 Ga. App. 184, 186 (2) (312 SE2d 150) (1983). Finally, attorney fees and expenses of litigation are not recoverable unless other damages are recoverable. *Trulove v. Woodmen of the World &c. Society*, 204 Ga. App. 362, 366 (4) (419 SE2d 324) (1992). There was no valid and enforceable contract upon which the jury could rely in reaching its verdict, and the trial court did not err in granting defendants' motion for j.n.o.v.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, appellant contends that the issue of the nondisclosure agreement was never raised below, and that the "right for any reason" rule is not applicable to the grant of a directed verdict. Appellant correctly states the general rule forbidding appeal of the grant of a directed verdict on a ground not stated below, as established in *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 300 (2) (352 SE2d 185) (1986). However, that decision itself states an exception based on *Green v. Knight*, 153 Ga. App. 183 (1) (264 SE2d 657) (1980), and clarified in *Justus v. Justus*, 198 Ga. App. 533, 535-

536 (402 SE2d 126) (1991). Where a *general* ground for directed verdict is stated, even if the trial court grants the directed verdict on another, specific ground, the "right for any reason" rule remains applicable. Id. This is particularly true where the plaintiff cannot cure the defect in its case by reopening the evidence. *Grabowski*, 181 Ga. App. 300 at n. 1.

Here the trial court granted a *general* j.n.o.v., rather than one based on any specific ground raised by defendants' motion. The motion for directed verdict was extensively discussed by the parties and the court at the close of plaintiff's evidence, upon renewal, and on motion for j.n.o.v. and for new trial. Appellees' contention that there was no breach of contract was raised repeatedly. Under the exception established in *Grabowski*, the lack of an enforceable contract is included within the general grounds of "no breach," just as the lack of evidence of cause-in-fact was included in the general grounds of "no negligence" under *Grabowski* and *Green*. See *Justus* at 535. Moreover, there was no dispute as to the contents of the contract, and its provisions could not be changed or cured by reopening plaintiff's case. The trial court's grant of a j.n.o.v. was correct on the basis of lack of an enforceable contract.

*Motion for reconsideration denied.*

DECIDED JULY 1, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — 

*Chesnut & Livingston, Tom Pye*, for appellant.
*Hunter J. Hamilton*, for appellees.