**ROUTTE et al. v. GUARINO.**

No. 12024.

Court of Civil Appeals of Texas. Galveston.

Dec. 9, 1948.

Rehearing Denied Jan. 13, 1949.

608

Strong, Baker & Compton, of Houston, for appellants.

Lewis Fogle, of Houston, for appellee.

CODY, Justice.

This suit was brought against the appellee, defendant below, by John Routte, Sr., and his children, born of his union with Fredericka Routte, deceased, as plaintiffs in trespass to try title to a certain tract of land, which is 66 feet by 75 feet, and is located in the City of Houston. In the alternative, the plaintiffs sued to set aside or construe certain deeds, and for a decree to quiet title to an undivided 3/16 interest in the aforesaid land. We understood plaintiffs to state in oral argument on submission that on appeal all they were claiming was an undivided 3/16 interest in said land.

The appellee answered by a plea of not guilty, a general denial, and brought a cross-action against plaintiffs in trespass to try title to the property involved.

The trial was to a jury, and at the conclusion of plaintiffs' evidence, in response to appellee's motion, the court directed a verdict for appellee, and rendered judgment against plaintiffs in the main action, and rendered judgment for appellee on his cross-action. The plaintiffs are hereafter called appellants.

The nearest common source of title was a decree of partition rendered on April 30, 1931, by the district court of Harris County, in Cause No. 194,427, and styled Perry Mack v. Mrs. John Routte et al. Said decree of partition was introduced by appellants without qualification, and adjudged: (a) That Perry Mack owned an undivided 8/16 of the land being partitioned. (b) That Fredericka Routte, owned in her separate right an undivided 3/16 of the land being partitioned. (c) That one Imogene Williams owned an undivided 3/16 of the land being partitioned. (d) That one Susan James owned an undivided 2/16 of the land being partitioned. (e)

That the land was incapable of being partitioned in kind. (f) The land was, by the terms of the decree, ordered sold, and the proceeds arising from the sale was ordered divided among the aforesaid cotenants according to their pro-rata shares.

The writ of execution which was issued under the aforesaid decree of partition, and the Sheriff's return thereon which showed the sale duly made to L. Richard Insirilo, and that he bid the property in at the sale for $114.50, and paid his bid to the Sheriff, was also introduced by appellants without qualification.

Appellants further introduced in evidence without qualification the following instruments:

(A) The Sheriff's deed to Insirilo dated the date of the sale, July 7, 1931.

(B) A quitclaim deed from Perry Mack (plaintiff in the partition suit) to Insirilo, dated July 10, 1931.

(C) A quitclaim deed from Fredericka Routte, John Routte, and Imogene Williams to Insirilo, dated July 10, 1931.

(D) A special warranty deed, dated September 1, 1931, from said Insirilo to John Routte and wife, Fredericka Routte for the cash consideration of $10.00, and for the further consideration of said grantees' notes for the sums, respectively, of $350.00, and $750.00, secured by liens on the property so conveyed.

(E) A transfer by Insirilo to appellee of the $750.00 note with a subordination by him of the lien retained to secure the $350.00 note to the lien so transferred to secure the payment of the $750.00 note.

(F) A release by Insirilo and appellee of so much of their respective liens, securing their respective notes, as covered a tract of land 34 feet by 31.8 feet, carved out of the land conveyed to John and Fredericka Routte by Insirilo. [Note: Insirilo had in his special warranty deed to Fredericka and John Routte, conveyed the entire tract of land that was the subject of the aforesaid partition suit.]

(G) A conveyance by John Routte, as survivor of the community of himself and his deceased wife, Fredericka, of the aforesaid tract 34 feet by 31.8 feet to one F. A. Farda.

(H) A deed dated February 14, 1936, by John Routte, acting for himself and as survivor of the community between himself and his deceased wife, Fredericka, conveying the property, less the aforesaid 34 feet by 31.8 feet, to appellee, in consideration of the cancellation of the note, originally for $750.00, aforesaid. It was recited in said deed, that the note then amounted to $820.25, and that the unpaid taxes then due the City were in excess of $300.00.

Appellants called the Hon. L. Richard Insirilo, an attorney of the Houston Bar as their witness, who testified that he was the Insirilo named in the various instruments; that he represented John Routte, Sr., and his wife, Fredericka in the partition suit, and that when he acquired the title to the land which was the subject of the partition it was with the expectation of conveying it to them. That in acquiring such title he made the following expenditures, using his own money.

| To the Sheriff, the amount of his bid | $114.50 |
| To Perry Mack and his attorneys | 564.05 |
| To the Southern Abstract Co. | 14.50 |
| To the collector of City taxes | 65.83 |
| | $758.88 |

Mr. Insirilo further testified that, in addition to the foregoing expenditures, he additionally paid for the release of a judgment lien against Perry Mack which constituted a charge on the property, the amount of which he did not recall and which was not shown by the abstract, and that the notes described in the deed from him to John and Fredericka Routte, in the sums as aforesaid, of $350.00 and $750.00, covered the amount of his fee for his services, and the amount he had so paid out.

Mr. Insirilo further testified that he had been acquainted with appellee for some 20 years, and knew him at the time he represented the Routtes in the partition suit, and when he acquired the $750.00 note. That he had frequently represented appellee as his attorney, but believed that he had never represented him as early as the partition and note transaction. That he did not represent appellee as his attorney

in acquiring the $750.00 note, nor when he transferred same to appellee,—that he had endorsed the note when he transferred it to appellee. Appellee was also called by appellants to testify, and his testimony added up to the fact that he had acquired the note as an innocent purchaser for value before maturity.

Appellants predicate their appeal upon six points. Their last five points complain of the court's having given a directed verdict because of certain specified evidence which appellants assert was sufficient to carry the case to the jury. Their first point complains that the motion for directed verdict was oral, and general, in violation of Rule 268, Texas Rules Civil Procedure. We overrule the points.

## Opinion

 It is, of course, contemplated by Rule 268, Texas Rules Civil Procedure, that a motion for directed verdict will be in writing, and that it shall state the specific grounds therefor. But appellants do not make it appear affirmatively that the motion was not in writing. Neither does it appear that they excepted to the motion on the ground that it was oral, nor that they excepted to the motion on the ground that it did not specify the grounds therefor. If the motion was in fact defective in that it was not in writing, and did not specify the grounds therefor, then appellee could not have predicated error thereon had the court refused to grant said motion. See Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686 (writ refused). But informality in presenting a motion for a directed verdict, or generality in specifying grounds therefor are matters which a plaintiff may waive if he does not object thereto seasonably. Id.; Baylor v. Eastern Seed Co., Tex. Civ.App., 191 S.W.2d 689.

 Appellants' own evidence established that appellee acquired the $750.00 note and liens securing its payment before its maturity, and for a valuable consideration, and without knowledge of any equities of appellants, if, indeed, they had any. It is a general rule that the testimony of a party to a suit, though undisputed, is not sufficient to support a directed verdict in his favor. Whether that rule or the exception thereto should be applied here, need not be determined. The burden of proof was on appellants to establish the elements of their case. But, were the burden on appellee, the evidence of Mr. Insirilo was sufficient to establish that appellee was an innocent purchaser of the notes and liens in question. Since appellee was an innocent purchaser for value, if appellants had any equities, they would have been cut off. And as survivor in community, John Routte, Sr., had the authority to convey the property to appellee in satisfaction of the indebtedness against it. See Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 268, 133 S.W.2d 105; Kerens Nat'l Bank v. Stockton, 127 Tex. 326, 94 S.W.2d 161.

 Perhaps the opinion should be concluded at this point. But it may not be amiss to point out why appellants did not have any equities in the form of an undivided 3/16 interest in the property, which would support a right to occupy the same as a homestead. The undivided 3/16 interest, which was vested in Fredericka Routte prior to the partition decree, was not sufficient to support a homestead claim as against the superior rights of her cotenants to partition. See Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164. The determination by the court in the partition suit that the land was incapable of partition in kind, and the judgment ordering the property sold under execution authorized the purchaser at the execution sale to acquire the fee simple title to the consolidated 16/16 interest in the property. Only the proceeds of such sale would become exempt to the party who, prior to such sale, had possessed a homestead right in the property sold under execution in order to partition.

The judgment is affirmed.