**Willie J. GRANATO, Appellant,**

v.

**Epifanio BRAVO et ux., Appellees.**

No. 15165.

Court of Civil Appeals of Texas, San Antonio.

July 18, 1973.

Joe E. Briscoe, Allen Curtis Lee, Robert Lynn McGowen, Devine, for appellant.

Franklin & Franklin, Jourdanton, for appellees.

CADENA, Justice.

This is an appeal by plaintiff, Willie J. Granato, from the action of the trial court in withdrawing the case from the jury and rendering judgment denying plaintiff's prayer for specific performance of an agreement by defendants, Epifanio Bravo and wife, Polo Bravo, to convey land to plaintiff.

The agreement sued on is based on the exercise by plaintiff of his rights under a purported option agreement.

On February 2, 1966, plaintiff and defendant, Epifanio Bravo, executed an instrument by which plaintiff became the lessee of ". . . 15 acres of land out of the T. Hernandez Sur. No. 50, Abst. No. 384 and 24 acres out of the H. Akers Sur. No. 49, Abst. No. 1519, aggregating 39 acres in all . . . ." The lease was for a term beginning January 1, 1966, and ending January 1, 1971.

On June 14, 1966, plaintiff and defendants executed an instrument bearing the caption, "ADDENDA." This instrument, after referring to the lease of February 2, 1966, which was described as ". . . covering 15 acres of land out of the T. Hernandez Sur. No. 50, Abst. No. 384 and 24 acres of land out of the H. Akers Sur. No. 49, Abst. No. 1519, aggregating in all 39 acres, more or less, in Atascosa County, Texas . . ." recited that ". . . this additional agreement be made a part of said original rental contract and shall become an addenda thereto." The operative part of the instrument declared that defendants gave plaintiff an option to purchase ". . . the above described land . . . ." at any time during the term of the original lease at the price of $75 per acre, to be paid in cash at the time of purchase, with all rents paid by defendants prior to such purchase to be applied to the purchase price.

On May 15, 1970, plaintiff notified defendants in writing of his decision to exercise the option, and this suit was filed following defendants' refusal to deliver a deed.

At the conclusion of the testimony, motions for instructed verdict were filed by both plaintiff and defendants. Defendants' motion presented the sole contention that there was no consideration for the option contained in the June 14, 1966, addendum to the lease. The judgment of the trial court does not recite the basis for the withdrawal of the case from the jury and the ruling in favor of defendants.

Plaintiff presents a single point of error in which he asserts that there was evidence which would support a finding of consideration; that the addendum was but an incomplete statement of the oral agreement between the parties and that, therefore, the

existence of consideration could be established by parol testimony; and that, in any event, even if a lack of consideration be assumed, the language of the addendum agreement constitutes an offer to sell which plaintiff accepted before it was revoked.

■ We find it unnecessary to consider plaintiff's point of error because we have concluded that, as defendants assert, under the evidence they were entitled to judgment as a matter of law on the ground that the description of the property is insufficient to support a decree of specific performance.

■ As already pointed out, defendants' motion for instructed verdict did not embody the contention that plaintiff had failed to adequately identify the land which he sought to force defendants to convey. However, despite the provision in Rule 268, Texas Rules of Civil Procedure, to the effect that a motion for directed verdict ". . . shall state the specific grounds therefor", it is apparent that the failure of the movant to embody in the motion a ground which justifies the withdrawal of the case from the jury is not always fatal.

■ The decisions of the Texas courts support the conclusion that where a motion for instructed verdict is granted,[1] such ruling will be upheld if the record discloses a ground which establishes, as a matter of law, that the movant is entitled to judgment, even though such ground was not embodied in the motion for instructed verdict. The granting of a motion which

makes no attempt to specify the grounds on which it is based will be upheld if the record discloses the existence of grounds adequate to support the withdrawal of the case from the jury. Harvey v. Elder, 191 S.W.2d 686 (Tex.Civ.App.—San Antonio 1945, writ ref'd). Sometimes, this result is based on the doctrine of harmless error. Baylor v. Eastern Seed Co., 191 S.W.2d 689 (Tex.Civ.App.—San Antonio 1945, no writ). Some opinions justify this result on the theory that the opponent of the motion has waived the defect in the motion by failing to object to the lack of specification. Routte v. Guarino, 216 S.W.2d 607 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.).

■ Where the grounds specified in the motion are insufficient to justify the instruction of a verdict, the granting of the motion will nevertheless be upheld if the record discloses the existence of a ground which establishes that the movant is entitled to judgment as a matter of law. As said in Walter E. Heller & Co. v. Allen, 412 S.W.2d 712, 715 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.), the question on appeal in such a situation ". . . is whether the prevailing party was entitled to judgment as a matter of law, and not whether he was entitled to judgment on the specific grounds alleged."

■ We conclude that even if it be assumed that the only ground embodied in the motion for instructed verdict would not support the withdrawal of the case from the jury, the fact that the record discloses the lack of a sufficient description of the land which plaintiff seeks to compel defendants to convey requires that the grant-

---

1. Where a motion for instructed verdict is denied, the failure of the movant to comply with the requirements of Rule 268 is sufficient reason for upholding the denial of the motion. The denial of a motion which is couched in general terms, without specifying any grounds, cannot be attacked on appeal. Johnson Aircrafts, Inc. v. Wilborn, 190 S.W.2d 426 (Tex. Civ.App.—Fort Worth 1945, writ ref'd (w. m.). So, also, where the grounds specified in the motion are untenable, the denial of the motion will be upheld even if the record discloses the existence of a valid ground, not embodied in the motion, which would have justified the instruction of a verdict if it had been embodied in the motion. Red River Valley Pub. Co. v. Bridges, 254 S.W. 2d 854 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.).

ing of defendants' motion for instructed verdict be upheld.[2]

As already pointed out, the land involved in this litigation is described merely as ". . . 15 acres . . . out of the T. Hernandez Sur. . . . and 24 acres . . . out of the H. Akers Sur. . . . ." Our Supreme Court has adopted the rule that a description of land which identifies it ". . . only by quantity and as being a part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for uncertainty of description." Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705 (1935). The description involved in this case is no different from the descriptions held insufficient in Continental Supply Co. v. Missouri, K. & T. Ry. Co., 268 S.W. 444, 269 S.W. 1040 (Tex.Comm'n App.1925, judgment adopted), and Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S.W. 724, 725 (1888).

 It is well settled that a court will not decree specific performance of a contract for the sale of land unless the contract describes the land or furnishes within itself the means by which the property may be identified with reasonable certainty. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945); Nash v. Conatser, 410 S.W.2d 512 (Tex.Civ.App.—Dallas 1966, no writ). This result, which is but an application of the general rule that specific performance will not be ordered unless the terms and conditions of the contract are so definite and certain that the acts to be performed can be determined by the court, is distinct from the question of the sufficiency of a memorandum to satisfy the requirements of the statute of frauds. 5A Corbin, Contracts, Section 1174, pp. 278, 293 (1964).

In this case, even if it be assumed that the descriptive data contained in the option instrument points to the existence of extrinsic evidence which may aid in definitely identifying the 39 acres of land, the record contains no such evidence.

The judgment of the trial court is affirmed.

---

2. In Arnold v. Tarrant Beverage Co., 215 S.W. 2d 894 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.), it was held that where the motion specifies the grounds on which it is based and the judgment recites that the instructed verdict is based on the grounds specified in the motion, a ground not embodied in the motion cannot be urged on appeal to support the withdrawal of the case from the jury. In Burnett v. Howell, 294 S.W.2d 410 (Tex. Civ.App.—El Paso 1956, writ ref'd n. r. e.), the judgment recited that the motion for instructed verdict was granted on the basis of only one of several grounds embodied in the motion. After concluding that the ground relied on by the trial court did not support the peremptory instruction, the Court refused to affirm the trial court's action on the basis of other grounds specifically set out in the motion, saying that if the record does not support the ground expressly relied on by the trial court, the instructed verdict cannot be upheld on a ground not relied on by the trial court. Without attempting to distinguish these cases on the, perhaps, tenable ground that their holdings are applicable only when the judgment specifies a reason, found to be untenable, for instructing a verdict, we prefer to follow the doctrine that the granting of a motion for instructed verdict should be upheld whenever the record discloses that, as a matter of law, the movant was entitled to judgment, irrespective of the sufficiency of the grounds embodied in the motion or relied on by the trial court. This conclusion is supported by the rule that whenever the record discloses that a party is entitled to judgment as a matter of law a trial court is authorized to instruct a verdict on its own motion, irrespective of the sufficiency of the motion for instructed verdict. In re Price's Estate, 375 S.W.2d 900, 904 (Tex.1964). This is consistent with the rule to the effect that where a summary judgment record discloses the absence of a material issue of fact a trial court may properly render summary judgment, even though the rendition of summary judgment is based on a ground different from that specified in the motion for summary judgment. City of Fort Worth v. Taylor, 427 S.W.2d 316 (Tex.1968).