## 58439. GREEN et al. v. KNIGHT et al.

SMITH, Judge.

Appellants brought an action against appellees for the wrongful death of their mother. The trial court directed a verdict in favor of appellee Williams Brothers Lumber Company and the jury returned a verdict in favor of appellee Knight. Judgment was entered in favor of

appellees. We affirm the judgment in favor of appellee Williams Brothers. However, due to an error in the charge, we must reverse the judgment in favor of appellee Knight.

On the morning of May 19, 1976, appellants' mother and another individual were riding on U. S. I-20 East in a car driven by appellee Knight. The car was in an "Exit Only" lane. However, appellee Knight did not want to exit. She attempted to remain on U. S. I-20 by crossing over an emergency zone marked by a series of white lines on the pavement. Due to the traffic on U. S. I-20, appellee Knight was unable to move into the right lane of the interstate. She went into a skid and collided with the back of a truck owned and operated by appellee Williams Brothers. (The truck was parked in the emergency zone because the driver of the truck thought he heard lumber on the back of the truck shifting about and he wanted to make sure it was properly secured.) Appellants' mother, who was sitting in the passenger seat of appellee Knight's automobile, died as a result of the collision.

1. At the close of the evidence, appellee Williams Brothers moved for directed verdict "on the ground that all of the evidence properly construed demands a finding in favor of Williams Brothers and against the plaintiff, the plaintiff having failed to create any issue of fact for the jury to decide as to any negligence of the defendant. The evidence without contradiction shows this defendant guilty of no evidence actionable in negligence."

CPA § 50 (a) (Code Ann. § 81A-150 (a)) states: ". . . A motion for directed verdict shall state the specific grounds therefor . . ." In the instant case, appellee Williams Brothers did not state the *specific* grounds on which its motion was based. It merely asserted that appellants failed to make out a prima facie case of negligence. Nonetheless, the trial court granted the motion.

In our view, where a motion for directed verdict is granted and the moving party is entitled to judgment as a matter of law, the judgment of the trial court should not be reversed merely because the moving party failed to properly specify the grounds on which the motion is based. See Smith v. Guthrie, 557 SW2d 163 (Tex. Civ. App. 1977); Granato v. Bravo, 498 SW2d 499 (Tex. Civ. App. 1973).

Some jurisdictions have based this holding on the theory that "the adverse party who did not make a specific objection at trial to movant's failure to state specific grounds . . . is precluded from raising the objection on appeal . . ." Byerly v. Byerly, 38 N.C. App. 551 (248 SE2d 433) (1978). In the case at bar, we can base our holding either upon this theory or upon the doctrine of harmless error. See CPA § 61 (Code Ann. § 81A-161); Granato v. Bravo, supra.

The evidence in this case demands that judgment be entered in favor of appellee Williams Brothers. The only act or omission cited by appellants which could even arguably raise a jury question as to appellee's negligence is the alleged failure of appellee to comply with Code § 68-1709, which requires a 12-inch square red flag to be hung from a load which extends more than four feet beyond the back of a vehicle. However, even if this omission was negligence per se, it was, as a matter of law, not a cause in fact of appellant's mother's death and therefore not a proper basis for recovery. *Peek v. Miller*, 119 Ga. App. 138 (166 SE2d 377) (1969). It is undisputed that appellee Knight saw the truck sitting in the emergency zone. Due to the speed at which she was traveling, she simply could not avoid colliding with it. Under the facts of this case, a red flag could not have saved appellant's mother. The trial court's direction of a verdict in favor of appellee Williams Brothers will not be disturbed.

2. The judgment in favor of appellee Knight must be reversed. Over objection, the trial court instructed the jury as follows: "Ladies and gentlemen of the jury, I charge you that when a driver of a motor vehicle is confronted with a sudden emergency caused by the negligence of another, he is not to be held liable merely because he exercised bad judgment under the circumstances, but in such emergency is only charged with the duty of exercising ordinary care and diligence under the circumstances of the emergency confronting him." This charge should not have been given since it was not authorized by the evidence. Whatever sudden emergency existed in this case was attributable to appellee Knight herself. Certainly it cannot be contended that a sudden

emergency was "caused by the negligence of another." There is simply no evidence of such an emergency in the record. The unauthorized instruction on sudden emergency placed an undue burden upon appellants. They are entitled to a new trial as to appellee Knight. See *Baldwin v. Walker*, 143 Ga. App. 382, 384 (238 SE2d 695) (1977).

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED JANUARY 7, 1980 — REHEARING DENIED JANUARY 28, 1980 —

*James E. Hardy, Talmadge Woodman,* for appellants.
*John H. Stanford, Jr., Michael G. Frick, Arnold Wright, Jr., George W. Hart,* for appellees.