Darrell HARGROVE, Appellant,

v.

Wayne POWELL, Appellee.

No. 16922.

Court of Appeals of Texas,
San Antonio.

March 2, 1983.

Walter W. Church, J. Walter Park, IV, San Antonio, for appellant.

Sol E. Arledge, Del Rio, for appellee.

Before CADENA, C.J., and ESQUIVEL and TIJERINA, JJ.

## OPINION

PER CURIAM.

This is an appeal from a jury trial judgment in the amount of $2,977.00 on appellee's cause of action for breach of an oral contract. Appellant presents three points of error on appeal and appellee two cross-points. We affirm.

On or about August 11, 1977, appellee decided to purchase 3,700 mutton lambs with the intent to sell them at a future date at a profit. He contacted Mr. Dick Kennedy, a livestock broker in the area, who negotiated a contract for the purchase and sale of the lambs from appellant. Appellant agreed to sell appellee the 3,700 lambs at $.50 per pound. On August 31, 1977, appellee negotiated through Mr. Kennedy the purchase of 100 ewe lambs from appellant at the price of $.50 per pound. Depending upon the future market and the growth of the lambs, appellee planned either to sell at a future date or retain all or some of the 100 ewe lambs.

Between August 12, and September 21, 1977, ten shipments of mutton lambs were made, for a total delivered number of 3,571 mutton lambs, 129 lambs short of the 3700 lambs contracted for on August 11, 1977. None of the 100 ewe lambs contracted for on August 31, 1977 were delivered. Frequent demands were made on appellant by appellee and Mr. Kennedy, but delivery of the missing 229 lambs was never made.

Appellee brought this action for breach of contract and sought damages under § 2.713 of Tex.Bus. & Com.Code Ann. (Vernon 1968). The case was tried before a jury. At the close of appellee's case, appellant moved for a directed verdict, which was denied. Following the presentation of appellant's case, four special issues were submitted to the jury.

The jury found that: (1) appellant had contracted to sell appellee 3,700 mutton lambs at $.50 per pound on or about August 11, 1977 and 100 ewe lambs at $.50 per pound on or about August 31, 1977; (2) appellee did not "indicate" to Dick Kennedy and appellant that he contracted as an

agent or officer of Southwest Livestock and Trucking Co., a corporation; (3) the fair market value of mutton and ewe lambs in Val Verde and San Saba Counties, Texas, in December 1977 was $.70 per pound, and (4) appellee was damaged to the extent of $4,408.72.

Despite the jury's findings, the trial court entered a judgment for appellee in the amount of $2,977.00. In a letter to counsel for both parties, the judge explained that he computed the damages by taking the difference between the contract price, $.50 per pound, and the "cover" price or fair market value, $.70 per pound, "for the 229 head of lambs not delivered by Hargrove to Powell." There is no further explanation given of how the damages were computed, whether they were based on the average weight of those delivered or the minimum agreed weight per lamb. We have mathematically determined, however, that the weight of 65 pounds per lamb was used to reach the damages awarded as follows: (65 × 229 × $.20) = $2,977.00.

In his first point of error, appellant alleges the trial court erred in not granting him a directed verdict at the close of appellee's case. Appellant contends appellee failed to establish that the cause of action arose against him in his individual capacity. Appellant would be entitled to an instructed verdict only if reasonable minds would not differ in reaching the conclusion that the facts presented did not establish a necessary element of the cause of action brought against him by appellee. *Mumphord v. First Victoria National Bank*, 605 S.W.2d 701, 703 (Tex.Civ.App.—Corpus Christi 1980, no writ), See *Henderson v. Travelers Insurance Co.*, 544 S.W.2d 649, 650 (Tex. 1976); 3 R. McDonald, Texas Civil Practice § 11.28.1(D) (rev. 1970).

Dick Kennedy testified that he had never had any dealings with Southwest Livestock, and that his dealings were only with appellant. He stated that his commission was paid by appellant, not Southwest Livestock, and that he had been brokering with appellee for fifteen years. He then explained how he negotiated the sale of the sheep between appellee and appellant.

Appellee testified that he dealt with Southwest Livestock and that he "considered" appellant to be Southwest Livestock. The weight tickets given appellee when he received the animals were printed with the name "Southwest Livestock". All the checks were made out to "Southwest Livestock" and were endorsed, "Southwest Livestock Account." Nowhere was the word "Company" used.

There is no doubt that appellee established a fact issue as to whether appellant was doing business under an assumed name. Appellant's first ground of error is overruled.

In his second and third points of error, appellant alleges that the jury's answer to special issue number two that he had not "indicated" that he was an agent for a corporation, was against the great weight and preponderance of the evidence and was supported by no evidence. In his brief, however, appellant argues constructive notice through the use of "Company" in "Southwest Livestock and Trucking Company" and the articles of incorporation being filed with the Secretary of State. Webster's defines "indicate" as, "to point out or point to or toward with more or less exactness: show or make known with a fair degree of certainty." Webster's Third New International Dictionary (1961). Therefore, when the jury was charged as to whether appellant had "indicated" that he was an agent for a corporation, we interpret this to mean that they were charged on the issue of actual notice; constructive notice was not mentioned.

The burden was on appellant to seek and obtain a charge on constructive notice, in that the burden was on him to prove that the agency relationship existed and that it had been disclosed. See *Southwest Wheel & Manufacturing Co. v. Sholts*, 501 S.W.2d 387, 393 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.) (agency must be proved and cannot be presumed); *Cannan v. Varn*, 591 S.W.2d 583, 587 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.) (party with burden of proof must submit issue). Fail-

ure to request an issue as to a defense not conclusively established under the evidence results in a waiver of the defense. Tex.R. Civ.P. 279. There is one exception, however, and that is when the defense consists of more than one issue. When this is so, a request must be made of the trial court to make and file written findings of such omitted issues, and if findings are not made, then it is deemed that the issue was found in such a manner as to support the judgment. *Id.*

We believe that the defense involved is one of "agency" and that constructive notice is one of the "issues" of this defense. The exception to the waiver rule thus applies and the trial court is deemed to have found no constructive notice. *Cf. Strauss v. LaMark,* 366 S.W.2d 555, 557–58 (Tex.1963) (conditional submission did not result in waiver of proximate cause, negligence and "open and obvious" issues).

Although appellant has not submitted specific and separate points of error as to the implied finding of no constructive notice, which is generally required, we find he has come within the purview of subsection "d" of Rule 418. Tex.R.Civ.P. 418(d).[1] The points of error challenge both the judgment entered by the trial court and the jury's finding as to the second special issue, and his argument accompanying the points sufficiently directs our attention to his complaints. *Id.*

Appellant's second and third points of error thus attack both the judge's implied finding of no constructive notice and the jury's finding of no actual notice on the basis that there was "no evidence" and "insufficient evidence" to support the findings. We will address appellant's "no evidence" point first.

The burden was on appellant to establish that an agency relationship existed and that the relationship had been disclosed. It was not appellee's burden to show that the agency relationship had not been disclosed. The correct point of error is thus that appellant had established as a matter of law that agency existed. *See DeArman v. Surls,* 618 S.W.2d 88, 93 (Tex.Civ.App.— Tyler 1981, writ ref'd n.r.e.).

■ The test applied in a matter of law point involving a jury trial is the same as the one used to determine if a directed verdict should be granted that is whether reasonable minds would differ. *See Granato v. Bravo,* 498 S.W.2d 499, 502 (Tex.Civ. App.—San Antonio 1973, no writ) (directed verdict is matter of law). The test applied as to judge tried issues is whether the issue was uncontroverted and conclusive. In the case at bar, the only additional evidence introduced on the issue of agency and disclosure was the testimony of appellant. Appellant stated that he was acting as an agent for Southwest Livestock and Trucking Co., a Texas corporation that had existed since 1968, and that he always had acted in that capacity. He further testified that the truck that delivered the sheep had the full company name on them, but admitted on cross-examination that the trucks could be hired out to deliver non-corporate livestock. A check given to Bill Kennedy, the broker, with "Southwest Livestock" printed on the front of it and signed by appellant without an indication of his corporated capacity, was also admitted into evidence. Appellee put on evidence that neither he nor the broker knew that appellant was acting as an agent for a corporation. A material fact issue was raised by the evidence that reasonable minds would differ on, i.e., whether appellee was put on sufficient actual notice of the agency relation-

1. Rule 418(d) in pertinent part, states:

Complaints that the evidence is legally or factually insufficient to support a particular issue or finding, and challenges directed against any conclusions of law of the trial court based upon such issues or findings, may be combined under a single point of error raising both contentions if the record references and the argument under such point sufficiently direct the court's attention to the nature of the complaint made regarding each such issue or finding or legal conclusion based thereon. Complaints made as to several issues or findings relating to one element of recovery or defense may be combined in one point, if separate record references are made.

ship. Appellant did not conclusively establish that constructive notice was given.

We find that appellant was not entitled to a judgment as matter of law. Appellant's third point of error is overruled.

We now turn to whether there was sufficient evidence to support the findings that neither actual nor constructive notice was given. The test applied in an "insufficient evidence" point, either as to a decision by the jury or by the trial court, is whether the decision was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Peeples v. Home Indemnity Co.,* 617 S.W.2d 274, 276 (Tex.Civ. App.—San Antonio 1981, no writ). Where there is conflicting evidence, the appellate court will not substitute its judgment for that of the jury or the trial court. As long as there is some evidence, that if believed to be true, will support the verdict, the decision will not be reversed on appeal. *Burk v. Mata,* 529 S.W.2d 591, 595 (Tex.Civ.App. —San Antonio 1975, writ ref'd n.r.e.).

■ An examination of the record, and the controlling facts which have been set out above, leads us to the conclusion that there is sufficient evidence to support the finding of neither actual nor constructive notice. The record is totally void of actual notice. Nowhere is it asserted, even by appellant, that he "pointed out" that he was an agent for a corporation. Appellant's principle reliance is on constructive notice through the use of "Company" in "Southwest Livestock and Trucking Company". We have no argument with appellant's contention that "Company" would be sufficient to place one on notice. However, this principle does not apply in this case. The invoices and the checks all lacked indicia of corporate status. Appellant's testimony indicated that the only time "Company" could have been apparent to appellee was the company name on the side of the delivery trucks. The issue of agency and notice is only crucial as to the time when the sheep were ordered and the contract entered into; notice, actual or constructive, after that time is ineffective as to liability under the contract. *See Medical Personnel Pool of*

*Dallas, Inc. v. Seale,* 554 S.W.2d 211, 215 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (on motion for rehearing). Appellant's second point of error is overruled.

In his two cross-points of error, appellee alleges the trial court was incorrect in awarding him damages in the amount of $2,977.00 and instead should have awarded him $4,408.72. Appellee acknowledges he sought damages under § 2.713 of the Tex. Bus. & Com.Code Ann. (Vernon 1968). Damages recoverable under this section are the difference between the contract price and market value at the time the buyer learned of the breach, plus any incidental and consequential damages. *Id.* The trial court awarded damages on the basis that appellee learned of the breach in December, 1977, while appellee contends he learned of the breach in May, 1978.

This is a case envisioned by the drafters of Tex.R.Civ.P. 279. The burden was on appellee to not only prove and submit an issue on the market value at the time he contends he learned of the breach, which he did, but also to prove and submit an issue of when he in fact learned of the breach. *See Three-Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 997–98 (5th Cir.1976); *Maxwell v. Norwood Marine, Inc.,* 19 U.C.C. Rep.Serv. 829, 831 (Mass.Dist.Ct.1976). Appellee did not submit an issue on when he learned of the breach and thus Rule 279 results in an implication that the trial court found the date to be December, 1977. *See Wichita Falls & Oklahoma Railway Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79, 85 (Tex.1940) (implied finding of number of bales of cotton raised); *Barcheers v. Braswell,* 548 S.W.2d 76, 79 (Tex.Civ.App.—El Paso 1977, no writ) (implied finding of reasonableness of charges).

■ Appellee attacks this implied finding and contends he did not learn of the breach until May, 1978, when he sold the received lambs. He claims he had expected appellant to deliver the missing lambs at any time up until he sold the lambs he had. We do not doubt he would have accepted them at that time at the contract price in that the market value had risen considerably.

We find it hard to believe, however, that he actually expected delivery at that time.

Both the breach and when appellee learned of it occurred many months earlier when the time for performance expired or, if he had done so, when appellant repudiated the contract. *See, Cargill, Inc. v. Stafford,* 553 F.2d 1222, 1226 (10th Cir.1977); Anderson, *Learning of Breaches Under Section 2–713 of the Code,* 40 Tex.B.J. 317 (1977). A time for performance was not agreed upon or provided for and the Code thus required a reasonable time. Tex.Bus. & Com.Code Ann. § 2.309(a) (Vernon 1968). The trial court impliedly found appellee learned of the breach in December, 1977, either because time for performance expired then or appellant repudiated the contract then. Tex.R.Civ.P. 279. Appellant does not question this finding. Appellee's two cross-points of error are overruled and the judgment of the trial court affirmed.