## A95A1102. BOYKIN v. NORTH.
(461 SE2d 598)

Smith, Judge.

Kathy Boykin brought this action against Roger North d/b/a North's Westside Shoppette and North's Westside Varieties to recover damages for injuries incurred when she slipped and fell outside North's store in Carrollton. The case was tried before a jury, and the trial court granted North's motion for directed verdict at the close of Boykin's case. Boykin's motion to set aside the verdict and for a new trial was denied, and Boykin appeals.

The record reveals that Boykin visited North's store with two friends on the day of her fall. They parked their car at the gas pumps outside the store, went inside, and requested five dollars worth of gas. While a store employee pumped gas into the car, they purchased several items inside the store. Boykin was the first to return to the car, and she carried a food container in her left hand and a glass soda bottle in her right hand. She slipped as she reached for the car door handle, breaking the bottle and seriously injuring her hand on the glass. She maintains her fall was precipitated by a grease spot near the gas pumps.

1. Boykin contends the evidence did not demand a verdict in favor of North and the trial court erroneously directed a verdict. We do not agree.

We agree with Boykin that the trial court based its grant of North's motion upon an erroneous or incomplete legal standard. The court stated that in order to negate recovery on a theory that the owner of the premises had constructive knowledge of the hazard, "all the law requires the owner of a premises to do is to exercise reasonable care in inspecting [the premises to note any hazards]." Evidence of routine inspection is actually only one of several ways of showing the proprietor's lack of constructive knowledge of a foreign substance on the floor or ground. It does this by showing that the substance could not have been present for an unreasonable length of time because of the inspection program.

Even were we to assume, however, that Boykin is correct that North did have constructive knowledge of the spot, a directed verdict in North's favor was nevertheless demanded.

"A proprietor has the duty to keep premises safe for his invitees; but the plaintiff cannot recover if she has failed to exercise ordinary care for her own safety. See OCGA §§ 51-3-1 and 51-11-7. In order to recover for a slip and fall resulting from a hazardous condition not only must the plaintiff show that the defendant had knowledge of the presence of the hazardous condition, but the plaintiff must also show that she was without knowledge of its presence. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). 'The customer must

exercise ordinary care for (her) own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to (her) or in the exercise of ordinary care (she) should have learned of it.' . . . [Cit.]" *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280, 281 (430 SE2d 86) (1993). A customer is required to use all his or her senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause harm. *Alterman Foods*, supra at 623.

Boykin was required in this situation to use all of her senses to discover the grease spot, particularly when attempting to open the car door while laden with items in both hands. Her testimony indicates she did not do so. Although Boykin testified she could not see the spot before she fell despite the fact that she was watching where she was going, she admitted that she was not looking at the ground and that had she been doing so she would have seen the spot. This constitutes evidence that Boykin was not exercising the requisite care for her own safety. *Foodmax v. Terry*, 210 Ga. App. 511, 513 (2) (436 SE2d 725) (1993); *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991).

This ground would have entitled North to judgment as a matter of law. North did not base its motion for directed verdict on this ground, however, and usually, a ground not raised in a motion for directed verdict will not support an affirmance on appeal. *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298 (352 SE2d 185) (1986). Nevertheless, in limited circumstances such as those present in this case, we hold that granting a directed verdict is proper, and we therefore affirm the trial court's judgment.

This court has held that "where a motion for directed verdict is granted and the moving party is entitled to judgment as a matter of law, the judgment of the trial court should not be reversed merely because the moving party failed to properly specify the grounds on which the motion is based. [Cits.]" *Green v. Knight*, 153 Ga. App. 183, 184-185 (1) (264 SE2d 657) (1980). *Green* was decided before this court decided *Grabowski*, supra, which extended to grants of motions for directed verdict a rule that previously applied only to denials of such motions. Before *Grabowski*, this court's rule was that, in appeals from *denials* of directed verdict motions, we would not apply the principle that a trial court's judgment must be affirmed if it is right for any reason. We extended that rule in *Grabowski*, holding that we would also decline to apply the "right for any reason rule" in appeals arising from motions for directed verdict that had been *granted*.

We based our extension of this rule on two grounds: First, that OCGA § 9-11-50 (a) requires that a motion for directed verdict state the specific grounds on which it is based; and second, that it is well established that a ground not mentioned in a motion for directed ver-

dict may not thereafter be raised on appeal. *Grabowski*, supra at 299 (2).

In his dissent in *Grabowski*, Judge (now Justice) Benham pointed out that the sweeping scope of the new rule announced by the majority virtually precluded harmless error analysis in such cases. A footnote in the majority opinion in *Grabowski* addresses the same issue, however, inviting comparison with *Green*, supra, and noting that *Green* "involved a lack which could not be cured upon reopening the plaintiff's case." *Grabowski*, supra at 300, n. 1. We read *Grabowski*, therefore, as calling for a different rule when the circumstances present in *Green* exist. Even when the movant fails to specify in its motion the particular ground urged on appeal, if the state of the evidence is such that were the plaintiff's case reopened the verdict would still be demanded, then it appears obvious that retrial would be futile. The trial court's error in granting the motion for directed verdict despite the movant's failure to specify the proper ground is therefore harmless.

Here, as in *Green*, the evidence *demanded* a verdict in favor of the defendant; the evidence showing that Boykin failed to exercise care for her own safety would not change upon any retrial. The trial court's error in granting North's motion for directed verdict is harmless error, because a verdict was demanded for North on a ground North failed to specify.

2. Because the case never reached the jury, Boykin's enumeration asserting error in the trial court's denial of her challenge to the composition of the jury is moot.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 1, 1995.

*Van C. Wilks*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, David F. Miceli, Glenn M. Jarrell*, for appellee.