## A96A0585. WADDY v. SCOTTISH RITE CHILDREN'S MEDICAL CENTER.
### (472 SE2d 702)

MCMURRAY, Presiding Judge.

Jewel Waddy asserted an action against her former employer, Scottish Rite Children's Medical Center ("Scottish Rite"), for intentional infliction of emotional distress, alleging Scottish Rite trumped up malignant charges against her as an excuse for discharging her from employment. Specifically, Waddy alleged that Scottish Rite leveled these false charges "as retaliation for [her] filing a Worker's Compensation claim" and that "[c]ertain named employees of Scottish Rite began to plan and/or conspire to have [her] terminated because of certain private hostilities they had against [her] stemming from [Waddy's] physical limitations." Scottish Rite denied the material allegations of the complaint, and Waddy ultimately presented her evidence at trial. The case never reached the jury, however, because the trial court granted Scottish Rite's motion for directed verdict. The trial court explained, in response to a protracted exchange concerning proof Waddy cited in support of her claim, that "you haven't satisfied any of the three elements [(the trial court apparently perceived as) essential for establishing a prima facie case for intentional infliction of emotional distress]." This appeal followed, upon which Waddy designated only a portion of the trial transcript for inclusion in the record on appeal. In this regard, Waddy's amended notice of appeal provides: "Plaintiff requests that, instead of sending up the entire transcript, only a partial transcript be sent up. Specifically, the portion of the transcript regarding the ruling and the argument [she asserted in opposition to Scottish Rite's motion for] directed verdict." *Held*:

1. Waddy contends the trial court's directed verdict in favor of Scottish Rite cannot stand because Scottish Rite did not assert specific grounds for the motion at trial. Waddy also insists that the trial court erred in discounting the proof she cited in opposition to Scottish

Rite's motion for directed verdict. These assertions are without merit.

In *Green v. Knight*, 153 Ga. App. 183, 184 (1) (264 SE2d 657), the trial court granted the movant's motion for directed verdict even though the movant failed to state specific grounds on which the motion was based because the record supported the movant's general assertion that plaintiff failed to make out a prima facie case. This Court affirmed on appeal, holding that, "where a motion for directed verdict is granted and the moving party is entitled to judgment as a matter of law, the judgment of the trial court should not be reversed merely because the moving party failed to properly specify the grounds on which the motion is based. [Cits.]" Id. Although this holding appears inconsistent with the rule in *Grabowski v. Radiology Assoc., P.A.*, 181 Ga. App. 298, 299 (2) (352 SE2d 185) (i.e., a ground not asserted in support of a granted motion for directed verdict cannot provide justification for the trial court's ruling on appeal), this Court recently explained that the cases are distinguishable because "*Green* 'involved a lack which could not be cured upon reopening the plaintiff's case.' *Grabowski*, supra at 300 n. 1." *Boykin v. North*, 218 Ga. App. 435 (1), 436 (461 SE2d 598).

The panel in *Boykin v. North* reasoned that, "[e]ven when the movant fails to specify in its motion the particular ground urged on appeal, if the state of the evidence is such that were the plaintiff's case reopened the verdict would still be demanded, then it appears obvious that retrial would be futile. [The *Boykin* panel then concluded that the] trial court's error in granting the motion for directed verdict despite the movant's failure to specify the proper ground is harmless." Id. at 437 (1). The circumstances in the case sub judice are not significantly different from those in *Boykin* and are no different from the circumstances in *Green v. Knight*, 153 Ga. App. 183, 184 (1), supra.

Scottish Rite did not give specific grounds for its motion for directed verdict, and just as in *Green*, the trial court granted the movant's motion for directed verdict based on the plaintiff's failure to make out a prima facie case. Thus, since this basis for granting a motion for directed verdict " 'involve[s] a lack which could not be cured upon reopening [Waddy's] case[,]' *Grabowski*, supra at 300 n. 1," *Boykin v. North*, 218 Ga. App. 435 (1), 437, supra, the only issue remaining in the case sub judice is whether the evidence adduced at trial supports the trial court's determination that Waddy failed to make out a prima facie case for intentional infliction of emotional distress. This question, however, evades appellate review since Waddy failed to provide this Court with a transcript of the evidence adduced at trial. See *McClaskey v. Jiffy Lube*, 197 Ga. App. 537 (398 SE2d 825). Consequently, absent such a transcript or proper stipula-

tion supporting the factual abstract Waddy conveyed in opposition to Scottish Rite's motion for directed verdict (which was questioned by the trial court and is now disputed by Scottish Rite), we must assume the evidence adduced at trial supports the trial court's evidentiary determination and affirm the order granting Scottish Rite's motion for directed verdict. Id. at 538.

2. Scottish Rite's motion to dismiss this appeal based on Waddy's alleged failure to follow this Court's rules is hereby denied.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 18, 1996.

*Rita T. Williams*, for appellant.

*Smith, Currie & Hancock, Catherine M. Hobart, Larry E. Forrester*, for appellee.