A96A1842. WARE v. FIDELITY ACCEPTANCE CORPORATION et al.
(482 SE2d 536)

RUFFIN, Judge.

Tony Ware sued Fidelity Acceptance Corporation, Fidelity Financial Services, Inc., Admiral Life Insurance Company and Mar-

tin L. Lane ("the defendants") for damages stemming from the defendants' alleged illegal repossession of Ware's automobile. Following the close of Ware's evidence at trial, the trial court granted a directed verdict to Fidelity Acceptance Corporation, Fidelity Financial Services, Inc. and Admiral Life Insurance Company. The trial court also dismissed Martin L. Lane from the suit for insufficient service of process. Ware appeals, and we affirm.

1. In his first, third, and fourth enumerations of error, Ware argues that the trial court erred in not granting his "Motion for Proof of Authority of the [Defendants'] Attorney(s)," "Motion to Strike and Dismiss all the Defendants['] Answers for Failure to Respond to Plaintiff['s] Interrogatories and Production of Documents," and his March 28, 1995 "Motion to Set Aside Orders."

The record reveals no ruling by the trial court on these motions. We further find no indication that Ware objected to proceeding to trial without a ruling or made any other effort to elicit a ruling. "Accordingly, [these] enumeration[s] of error present[ ] nothing for review." *Green v. State*, 194 Ga. App. 343, 345 (4) (390 SE2d 285) (1990); see also *Peterson v. State*, 212 Ga. App. 31, 33 (3) (441 SE2d 267) (1994) (physical precedent only) (" 'It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver.' [Cit.]"); *Rush v. Food Giant*, 183 Ga. App. 388 (2) (358 SE2d 919) (1987).

Furthermore, even if the trial court's failure to rule could be construed as a denial of these motions, no error occurred.

(a) *"Motion for Proof of Authority."* The record reveals that attorney Charles Day represented all the defendants in this action. Claiming that Day was only authorized to act for defendant Fidelity Financial Services, Inc., Ware filed this motion requesting proof of Day's authority to represent the other defendants.

Pursuant to OCGA § 15-19-7, "[t]he presiding judge or justice, on motion of either party and on showing reasonable grounds therefor, may require any attorney who assumes the right to appear in a case to produce or prove the authority under which he appears[.] . . . However, prima facie, attorneys shall be held authorized to represent properly any case in which they may appear." To support his motion, Ware submitted only an affidavit stating that "[t]o the best of [his] knowledge, information and belief" attorney Day did not have authority to represent each defendant in this case. We find that such a conclusory statement from an opposing party does not provide reasonable grounds to require proof of counsel's authority.

(b) *"Motion to Strike and Dismiss all the Defendants['] Answers for Failure to Respond to Plaintiff['s] Interrogatories and Production of Documents."* The record reveals that the defendants filed and served verified responses to Ware's interrogatories and requests for

production. Ware now claims that those responses were "false," thus constituting a total failure to respond. On appeal, however, Ware has pointed to no evidence supporting this allegation.[1] Consequently, we find no merit in his arguments relating to this motion.

(c) *The March 28, 1995 "Motion to Set Aside Orders."* Through this motion, Ware requested that the trial court set aside its orders denying his motion to strike the defendants' answer for failure to provide a verification and motion for judgment on the pleadings. He argues that these orders should have been set aside because they are defective on their face and a "mere nullity." He also complains that he was not afforded a hearing before the rulings.

Other than making conclusory statements, however, Ware has pointed to absolutely no evidence of a defect in the trial court's orders. Furthermore, Ware's arguments relating to the lack of a hearing are misplaced. Pursuant to Uniform Superior Court Rule ("USCR") 6.3, "[u]nless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, *shall be decided by the court without oral hearing*, except motions for new trial and motions for judgment notwithstanding the verdict." (Emphasis supplied.) The trial court was not required to hold a hearing on the motion to strike and motion for judgment on the pleadings. USCR 6.3; see also *Howard v. Burch*, 210 Ga. App. 515 (436 SE2d 573) (1993). Accordingly, Ware's claims involving the motion to set aside have no merit.

2. In his second enumeration of error, Ware argues that the trial court erred in denying his "Motion to Strike and Dismiss All Defendants['] Answers" based upon the defendants' failure to verify their answer. We find no error in the trial court's conclusion that the defendants were not required to provide a verification. "In all cases where the plaintiff files a pleading with an affidavit attached to the effect that the facts stated in the pleading are true to the best of his knowledge and belief, the defendant shall in like manner verify any answer." OCGA § 9-10-111. Ware, proceeding pro se, signed his original complaint and had it notarized, but included no affidavit or other statement regarding its truth. Under these circumstances, the defendants were not required to verify their answer. OCGA § 9-10-111.

The authority relied upon by Ware, *Landrum v. Landrum*, 159 Ga. 324 (1) (125 SE 832) (1924), overruled, *Camp v. Camp*, 213 Ga. 65 (97 SE2d 125) (1957), and *Phoenix Air Conditioning Co. v. Al-Carol, Inc.*, 129 Ga. App. 386 (199 SE2d 556) (1973), is inapplicable.

---

[1] In his brief, Ware refers the court to " 'Exhibit E5' at Index No. 33 Motion to Strike pages 207-208 and attachments." We can locate no "Exhibit E5" or other attachments at or around pages 207-208 in the record.

The *Landrum* decision has been overruled in pertinent part and addressed whether an affidavit attesting to the truth of the allegations in a habeas corpus petition could be received as evidence by the trial court. In *Phoenix Air Conditioning*, the court considered whether the form of a contested affidavit was fatally defective. In contrast, Ware presented no affidavit with his complaint. Accordingly, the trial court correctly denied his motion to strike.

3. Ware also argues that the trial court improperly denied his motion for judgment on the pleadings because the defendants "did not present any genuine issues as to the material facts in dispute." We disagree.

"The granting of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Citations and punctuation omitted.) *Howard v. Bank South, N.A.*, 209 Ga. App. 407, 409 (1) (433 SE2d 625) (1993).

In their consolidated answer, the defendants denied all allegations of wrongdoing and liability. In addition, they asserted several affirmative defenses, including insufficient service of process on Martin Lane, which formed the basis of Lane's subsequent dismissal. Upon review of the defendants' answer, we find no error in the trial court's denial of Ware's motion for judgment on the pleadings.

4. In his final enumeration of error, Ware argues that the trial court erred in directing a verdict for defendants Fidelity Acceptance Corporation, Fidelity Financial Services, Inc., and Admiral Life Insurance Company after the close of his evidence because there were "many genuine issues as to the material facts in dispute."

On appeal, Ware specifically elected not to include the trial transcript with the record. "[A]bsent such a transcript or proper stipulation [of facts], we must assume the evidence adduced at trial supports the trial court's evidentiary determination and affirm the order granting [the defendants'] motion for directed verdict. [Cit.]" *Waddy v. Scottish Rite Children's Medical Center*, 221 Ga. App. 760, 761-762 (1) (472 SE2d 702) (1996). Accordingly, Ware's final enumeration of error has no merit.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 3, 1997.

Tony L. Ware, *pro se.*
*Day & Royal, Charles T. Day III*, for appellees.