### A97A1341. LOTHRIDGE v. MAMARI CORPORATION.
(493 SE2d 581)

MCMURRAY, Presiding Judge.

In 1987, Jerry Lothridge executed a security deed encumbering his farm and a personal guaranty securing an acquisition and development loan from First National Bank of Gainesville ("the bank") to Mountain Lakes Resort, Inc. ("Mountain Lakes") — a corporation Lothridge and others formed to revitalize and market an unprofitable and debt-ridden resort development formerly known as Mountain Shadows. Mountain Lakes also acquired a line of credit from the bank by hypothecating purchase money notes and security deeds it acquired via resort property sales ("the dealer paper"). Mountain Lakes' payment responsibilities under this line of credit were unlike the direct payment obligation under the corporation's original acquisition and development loan. A purchaser of a time-share unit would make a down payment and sign a promissory note and security deed in favor of Mountain Lakes for the balance of the purchase price. Mountain Lakes would then assign the dealer paper to the bank and the bank would advance a certain percentage (50 percent to 90 percent) to Mountain Lakes with the remainder going into a reserve account. Although Mountain Lakes was ultimately responsible for the debt under the line of credit, the bank received payment directly from each dealer paper obligor. This reserve account was to be used to compensate for any non-performing dealer paper.

In 1988, after disputes arose between Lothridge and other Mountain Lakes' owners, Lothridge filed a lawsuit. The parties settled this action on January 3, 1990, via a consent judgment which the bank approved. In 1991, another corporation purchased Mountain Lakes' stock and transferred much of the dealer paper and the reserve accounts to the bank. Because Mountain Lakes failed to pay its acquisition loan, the bank filed suit against Lothridge in 1993 to recover under his guaranty. The trial court granted summary judgment to the bank as to Lothridge's liability but found that the bank "did not present evidence to show the amount of the outstanding debt of Mountain Lakes." Although this judgment was affirmed in part in *Lothridge v. First Nat. Bank of Gainesville*, 217 Ga. App. 711 (458

SE2d 887), this Court reversed in part and remanded that part of the trial court's summary judgment order construing language in the 1990 consent judgment which consent judgment provided that "the conditioned indebtedness held by the [bank] on [Lothridge's farm] shall be reduced by a deed to secure debt in the amount of Four Hundred Fifty Thousand ($450,000.00) Dollars in a similar position to that which is presently held by the [bank; that this] property shall not be used as collateral on any other debt which has been or may be incurred by Mountain Lakes or any other Defendant [and that all] future payments made to the [bank] on the indebtedness of Mountain Lakes shall be applied first toward the reduction of the balance of the aforementioned deed to secure debt . . . until such time as the Security Deed has been satisfied and released of record." Id. at 713 (3), 714 (b), supra.

Upon remand to the trial court, Lothridge pressed a claim to cancel the security deed alleging the bank failed to honor its obligation under the 1990 consent judgment to first pay off the $450,000 debt encumbering his farm. The bank filed a second motion for summary judgment pointing to purportedly undisputed evidence regarding the amount of the debt which Lothridge guaranteed. The bank later assigned most of its Mountain Lakes' investment, including Lothridge's guaranty obligation, to Mamari Corporation ("Mamari"). Lothridge then filed a motion to compel depositions of employees of the bank and Mamari who are familiar with this transaction. This motion to compel was never heard. The trial court granted summary judgment to Mamari as to Lothridge's claim to cancel the security deed and determined that Lothridge's obligation under the guaranty to Mamari is $536,970.02, plus attorney fees. With regard to calculating these damages, the trial court's order provides as follows: "In this Court's original [Summary Judgment] Order, it ruled that the affidavit of Rhonda Sizemore did not present evidence to show the amount of the outstanding debt of Mountain Lakes. Plainly, the undersigned [trial court judge] was incorrect. The affidavit sets out the amount owing at the time of the filing of the lawsuit — the amount being $2,042,323.71. From that amount, payment of $30,200.00, which [Mamari] agrees was made, is to be deducted, leaving a balance of $2,011,123.70 for which [Mamari] seeks recovery of 26.7%, or $536,970.02, under [Lothridge's] guaranty." This appeal followed. *Held*:

1. Lothridge's assertions regarding the extent of his liability under the guaranty agreement and the bank's "future payments" obligation under the 1990 consent judgment turn on a single issue, i.e., whether various revenues and benefits the bank derived from the dealer paper loan transactions constituted payments which should have gone to reducing the debt which Lothridge secured. We

find that any benefits the bank gleaned from the dealer paper loan transactions do not constitute payments which the bank was required to apply toward reducing Lothridge's guaranty and security deed obligation. The dealer paper transactions were neither part of the Mountain Lakes' acquisition and development loan, nor contemplated in the 1990 consent judgment (or any other agreement between the parties) as conduits for reducing Lothridge's guaranty and security deed obligation under the Mountain Lakes' acquisition and development loan. Consequently, absent an enumeration of error challenging the manner in which the trial court calculated the single payment credited to the undisputed amount of Mountain Lakes' acquisition and development debt (since entry of the 1990 consent judgment), we find no error in the trial court's order granting summary judgment to Mamari.

2. Other issues raised by Lothridge in the case sub judice are either without merit or controlled by this Court's decision in *Lothridge v. First Nat. Bank of Gainesville*, 217 Ga. App. 711, supra.

3. Since Lothridge did not press for a ruling on his motion to compel, he waived his right to complain. *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (1) (482 SE2d 536).

*Judgment affirmed. Beasley and Eldridge, JJ., concur. Smith, J., disqualified.*

DECIDED NOVEMBER 5, 1997.

Webb, Tanner & Powell, Anthony O. L. Powell, Ralph L. Taylor III, for appellant.

Stewart, Melvin & Frost, W. Woodrow Stewart, J. Douglas Stewart, for appellee.